THOMAS CRUTCHFIELD, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

A judgment, though it may be erroneous, is not *void*, if the Court had jurisdiction of the case and the parties.   Therefore, it will, whilst it stands unvacated, be a bar to another proceeding for the same matter.

Scire facias to forfeit recognizance, from Crawford.   Decision by Judge POWERS, September Term, 1857.

Thomas Crutchfield, the plaintiff in error, became surety for Jonathan J. Jones, in a recognizance, the condition of which was as follows:

"The condition of the above obligation is such, that if the

said Jonathan J. Jones shall be and appear at the next Superior Court to be held in and for the said county, on the first Monday in September next, then and there to answer touching a shooting and intent to kill, charged to have been committed by the said Jonathan J. Jones, upon one Joseph R. Ansley, and shall not hence depart without leave of Court; then this obligation to be void, else to remain in full force."

The recognizance was dated 27th May, 1856.

Ansley, in the mean time, having died of the wound, the Solicitor General, at September Term, 1856, handed out an indictment against Jones for *murder*, and the grand jury returned a true bill. At the same Term of the Court, the case was called for trial, and Jones failing to appear, judgment *nisi* to forfeit the recognizance was entered, and *scire facias* issued calling on Jones and Crutchfield to show cause at the next Term why judgment absolute should not be signed. Crutchfield, who alone was served, appeared at March Term, 1857, and showed for cause, why said judgment should not be rendered, that no indictment had been found against Jones, his principal, for the offence recited in his recognizance, and to which alone he was bound to appear and answer. The Court held the showing good and sufficient, set aside the judgment *nisi*, and declared the same to be void.

At the same Term of the Court, (March, 1857,) another judgment *nisi* was taken by the Solicitor General and *scire facias* thereupon issued, and again *served on Crutchfield*, to show cause at September Term, 1857, why judgment final should not be entered. Crutchfield appeared and pleaded in bar to any further action or judgment, the judgment already rendered, and which remained of record unrevoked. The State demurred to this plea. The Court sustained the demurrer, adjudged the plea insufficient, and awarded judgment against defendant for the amount of the penalty of the recognizance, which was $1,000. To which decision defendant by his counsel excepted.

CULVERHOUSE; and HALL, for plaintiff in error.

MONTFORT, Sol. Gen., *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

The condition of the bond was, that Jones should appear "to answer touching a shooting and intent to kill, charged to have been committed by the said Jonathan J. Jones, upon one Joseph R. Ansley," and should "not hence depart without leave of Court."

The substance of the judgment rendered in the first *sci. fa.,* was, that this condition only bound Jones to appear, to answer to an indictment for an assault with intent to murder Ansley, and did not bind him to appear, to answer an indictment for the murder of Ansley, even, although, Ansley might have died of the wounds received by him, in the assault.

In *Adams vs. The State,* which was such a case as the present, this Court held the principal bound to appear, to answer an indictment for murder. 21 *Ga. R.* The judgment, then, we think, was erroneous. But still, it was the judgment of a Court having jurisdiction, and therefore, was a judgment good until *set aside. Rogers vs. Evans,* 8 *Ga.* 143.

The judgment is, no doubt, subject to be set aside on motion; but as it stands, it is good; and being good, it is a bar to another *scire facias* on the bond, for that must, of necessity, be the same as the first.

In holding to the contrary, the Court below, as we think, errred.

Judgment reversed.