MURPHY, trustee, *et al. vs.* THE MAYOR, ETC., OF SAVANNAH *et al.*

1. A bill of review may be brought for the purpose of procuring a reversal, alteration or explanation of a decree made in the former suit, as well upon error in law appearing on the face of the decree, without further examination of matters of fact, as upon some new matter; but where it is brought upon the last ground, the new matter must be such as could not have been used when the decree was made; and it must distinctly appear that it has come to the knowledge of the applicant and his agents for the first time since the period at which he could have made use of it in the suit, and that it could not, with reasonable diligence, have been discovered sooner.

(a.) The decree sought to be reviewed has been altered, so as to make if conform to the ruling of this court when the present case was here before (*Laurence et al. vs. Mayor, etc., of Savannah*, 71 *Ga.*, 392). Further than this the court could not go; and a refusal to set aside the former decree, in order to let in a claim for damages, was proper.

(b.) A decree made with the consent and at the instance of a party cannot be set aside by him by bill of review, unless, by clerical error, something has been inserted therein as by consent which had not been consented to.

2. This court disapproves the finding of attorney's fees against the city, which seems to be free from the charge of being stubbornly litigious, or from any imputation of bad faith; but as no motion was made by the city to get rid of this part of the verdict, this court cannot interfere.

January 6, 1885.

Murhy, trustee, *et al.* *vs.* The Mayor, etc., of Savannah *et al.*

Decrees. Judgments. Equity. Consent. Practice in Supreme Court. Before Judge ADAMS. Chatham Superior Court. June Term, 1884.

Reported in the decision.

CHISHOLM & ERWIN, for plaintiffs in error.

H. C. CUNNINGHAM; JOHN M. GUERARD, for defendants.

HALL, Justice.

This case was before the court at the September term, 1883, under the name of *Laurence et al. vs. The Mayor, etc., of the City of Savannah et al.,*[*] when we held that when the city re-entered and took possession of lots for the non-payment of ground rent, it was re-invested with the title to the premises, so far as to enable it to sell and convey for the satisfaction of demands due to it on this account and for taxes; but if any surplus remained after the payment of such claims, it held such surplus for the party who owned the lot at the time of the re-entry and sale. On that trial, the present plaintiff in error and the Laurences were the claimants of the surplus then in hand, which, prior thereto, had been awarded by the city authorities to the former, and the presiding judge, holding that it was the absolute owner and might dispose of it as it saw proper, dismissed the bill filed by the Laurences, upon the demurrer of Murphy, the present plaintiff in error, without at all considering the title of the complainants in that bill. We reversed that judgment and directed a trial of the issues made by the respective claimants to that fund. This trial has taken place, and resulted in a verdict awarding the whole amount in dispute to the plaintiff in error, together with his counsel fees incurred in prosecuting his claim. The Laurences made no motion to set this verdict aside, and submitted to the finding. The city

[*]See 71 *Ga.*, 392, where the case is reported.

made no motion for a new trial, and did not attempt to dis-
turb the verdict, but filed a bill of exceptions to the allow-
ance of counsel fees against it.   Murphy, the present
plaintiff in error, moved for a new trial upon numerous
grounds, which was refused, and upon the judgment refus-
ing it he brings the case here again for review.   He does
not complain that he will not receive the remainder of the
entire fund in hand, with interest thereon, after satisfying
the claims of the city, but he insists that he was entitled
to damages by reason of certain matters set up in his
amended answer, which was filed and converted into a
cross-bill after the case was remanded for another hearing
by this court.   He insists that the ordinances of the city in
existence at the time of the original leasing of the lot of
land in question entered into and formed a part of the
contract between the lessee under whom he holds and the
city; that when the city re-entered and sold, the sale should
have been made in accordance with these ordinances; that
their terms were violated. in the sale actually made; that
this sale was made under an ordinance essentially different
from the former; that in consequence thereof and of hard-
ships fraudulently and wrongfully put upon him by the
city authorities at this sale, the property brought much
less than its actual value; that he was not allowed to bid;
that a certain sum, more than sufficient to cover the de-
mands of the city, was required to be paid in cash during
the hours of sale, after the property was knocked down,
and in the event of a failure to make this deposit, the prop-
erty was to be at once re-sold at the risk of the former
purchaser; that the city legislation, so far as it altered or-
dinances in existence at the date of the lease, changed the
terms of the contract and impaired its obligation, and was
therefore unconstitutional and void.

From his own pleadings and the proofs in the case, it
appeared that he was anxious to dispose of this property
and convert it into money, but could not do so, because of
the claim set up by the Laurences to a portion of it; to

get this difficulty out of the way and to clear his title of this incumbrance, he allowed his ground rent and taxes to fall in arrear, and applied to the city to re-enter and to sell, not only a sufficiency to pay up these debts, but to sell the entire property, the lot having been divided and each separate part after the division having been improved by the erection of buildings and other structures thereon; in pursuance of this application, the city consented to do as it was asked, but beyond its acceptance of the terms proposed, it did not go at that time; subsequently, however, it re-entered and offered both parts of the lot for sale; two attempts were made before the sale was consummated. After the sale, the plaintiff in error filed a bill in Chatham superior court against the mayor and aldermen of the city of Savannah, to which the Laurences were not parties, to reach this fund. A decree was had by that court on this bill; it settled that Murphy was trustee of his minor children; that the trust under which he held was executory; and that the *cestuis que trust* being minors, he could not reduce the fund to possession without giving bond and security to account to them for it; but that he could not do this in any event, unless the city, after the satisfaction of its demands, saw proper to turn over the balance to him, as it was the absolute owner thereof, and had the right to dispose of it as it might see proper; no exception was taken by him to this decree; he acquiesced in it for more than two years; in the litigation with the Laurences over this fund, it seems to have been ignored. After the decision of that case by this court, he sought by his cross-bill to review and reverse that decree not only for errors appearing on the face of the decree, (which was contrary to principles subsequently settled by the decision of this court), but also for facts, which he then set up, tending to show imposition and fraud upon the part of the city in conducting the sale from which the fund arose, and on account of which he contended he was entitled to recover damages. The court decreed in conformity with so much of the

Murphy, trustee, et al. vs. The Mayor, etc., of Savannah et al.

prayer of the cross-bill as made the decree under review conform to the principle settled by the decision of the court, but refused to decree as to the other object sought to be attained by reviewing and opening this decree; and this refusal makes the question we are now called upon to determine.

1. There is no doubt but a bill of review may be brought for the purpose of procuring a "reversal, alteration or explanation" of a decree "made in a former suit, upon error in law appearing on the face of the decree, without further examination of matters of fact," as well as upon "some new matter." But where it is brought upon the last ground, the "new matter" must be such as has "been discovered since the decree, and as could not possibly have been used when the decree was made;" it must distinctly appear that it "has come to the knowledge of the applicant and his agents for the first time since the period at which he could have made use of it in the suit, and that it could not, with reasonable diligence, have been discovered sooner." 2 Daniell's Ch. Pr., 1576, 1578, and cases cited in note 2.

In *Smith vs. Hornsby et al.*, 70 *Ga.*, 552, 557, we had this question under consideration, and said: "There is no allegation, however, that the complainant was ignorant of these facts when the case was formerly before the court, or that he was prevented from availing himself of them by accident or mistake" (and we now add, by "imposition," Code, §3178), " or the fraud or act of the adverse party, unmixed with negligence on his part. Code, §§3129, 3595. It is, on the contrary, quite apparent, from the record, that he was well apprised of all the facts now relied on to avoid the force of this decree before the filing of the bill on which it was rendered, and that he was not prevented by accident, mistake, fraud, or the act of his adversaries, from insisting upon them." So in the present case, there is not a single fact or circumstance now relied on as the basis for the recovery of damages from the city,

that was not well known to both the plaintiff in error and his able counsel, when he filed the bill on which the decree, now sought to be reviewed, was made; and nothing whatever appears to show that he could not then have availed himself of them as well as at the present time He was perfectly free to act in the matter, and deliberately chose his course. He voluntarily refused to bring them forward, and for two years and more acquiesced in a result that might have been different, had he seen proper to urge them to obtain the relief he now seeks. The decree has been "altered" in the only particular in which it could have been so altered, under the law, to secure the rights of the parties; further than this, the court had no power to go, and the refusal to entertain the claim for damages was eminently proper. The part of the decree now assailed and sought to be set aside, in order to let in this claim, was not only made with the consent, but at the instance of the plaintiff in error, and it is familiar doctrine that such a decree cannot be set aside by bill of review, unless, by clerical error, something has been inserted therein, as by consent, which has not been consented to. The city undertook to sell this property at the request of the plaintiff in error, in order to relieve his title of an incumbrance that seriously impeded its free use and disposition. It acted, not so much for the protection of its own rights.—for, in any event, the property was bound for the claims it held against it,—as for his relief. He acquiesced in all that was done, and insisted, in the courts, upon his right to have the fund held by the city; he even went so far as to set up the right of the city to dispose of the fund, and to disregard the claims of others to the same. The city seems to have recognized his claim and to have aided him at every turn; it has been involved, on his account, in serious litigation, and has incurred expense in consequence thereof.

Surely this party is now estopped from undoing what has been done at his special instance and request, and which, upon consideration, he has, in various ways, rati-

fied and confirmed. Every presumption is in favor of so much of this record and decree as we have seen cannot be reviewed, etc. Code, §3753. To hold otherwise would be to enable him to take advantage of his own conduct, to the detriment of a party who had graciously and gratuitously served him.

2. While we cannot approve the finding of the jury, so far as it saddles the cost of this litigation upon the city, which is, from anything we can see in the case, free from the charge of being stubbornly litigious, or from the least imputation of bad faith, such as renders it liable for the counsel fees of the plaintiff in error, yet, on account of its failure to make any motion to get rid of this part of the verdict, we find ourselves unable to interfere for its relief, and must let both the verdict and the decree rendered on and pursuance of it stand. These views preclude the consideration of other questions made by this immense record.

Judgment affirmed.