MIDTOWN CHAINS HOTEL COMPANY *et al. v.* MERRIMAN.

No. 16273.   July 15, 1948.

*Mitchell & Mitchell,* for plaintiffs.
*Craighead, Dwyer & Lavender,* for defendants.

JENKINS, Chief Justice.   "A verdict and judgment rendered with the consent of counsel is binding upon the client, in the absence of fraud and collusion upon the part of the counsel with whose consent such verdict and judgment is rendered." *Adkins* v. *Bryant,* 133 *Ga.* 465 (66 S. E. 21, 134 Am. St. R. 211). The rule just stated will, however, give way to another general rule embodied in the Code, that "The judgment of a court of competent jurisdiction may be set aside by a decree in equity, for fraud, accident, or mistake, or the acts of the adverse party unmixed with negligence or fault of the complainant." Code, § 110-710. The question here presented is, therefore, whether the movant has alleged and proven actual or constructive fraud on the part of the movant's previous counsel by reason of which, and without fault on the part of the client here complaining, he was defrauded of his rights to his injury on account of the consent judgment being taken. The movant contends that, while the pleadings and evidence are not sufficient to show actual fraud, they are sufficient to establish constructive fraud resulting in the signing of the consent judgment, which he says embodied terms wholly unauthorized by him. The argument is: that counsel

had represented to the movant (his client) that a decree would be taken giving the relief prayed (which was a permanent injunction against the defendant's obstructing an alleyway here involved); and that the client had agreed that such a decree might be taken foregoing any claim for previous damages; but that the attorney took a decree which, while enjoining parking in the alley, permitted the defendant to use it as a place for loading and unloading customers of his parking lot; and that counsel failed to notify the client of such latter provision before the decree or in time to enter a motion during the term at which it was rendered. The movant contends that these facts are sufficient to constitute constructive fraud under the provisions of the Code, § 37-702, such as would authorize the setting aside of the judgment.

In the original injunction proceeding, the right of ingress and egress over the alley was conceded by the pleadings to the defendant, but it was alleged that the defendant had continuously for several years blocked said alley by parking from ten to fifteen automobiles in the portion which "extends from Houston Street South a distance of approximately 102 feet;" and that "he is operating a parking lot and automobile service lot on the same and charging the public who use the said parking lot for the privilege of parking thereon." In the movant's action it was alleged that such conduct constituted a "continuing nuisance." The prayers of the petition were that the defendant be permanently enjoined from continuing to block said alley. It is thus shown that the movant's original complaint related to the blocking of said alley by its use to park automobiles, and that the injunction was sought to prevent such an unlawful use of the public alley, and not to prevent the defendant, who it was admitted had the right of ingress and egress, from using said alley for the purpose of letting customers in and out of the automobiles in connection with the operation of his parking lot adjacent to such alley. It further appears from the pleadings in the present action to set aside the consent decree that the movant's counsel in the injunction proceeding was authorized to act in conformity with the following understanding as represented in a letter from counsel to the movant: "Confirming our conversation of yesterday afternoon, it is our understanding that, if we can obtain a

permanent injunction on the alley case, you will be willing to abandon your claim for damages for previous infractions in the alley. It is also our understanding that, if there should be future violations which come to our attention, we will immediately present the matter to the court for contempt action."

From the above facts, it is apparent that counsel for the movant, with full authority so to do, had obtained by consent everything which the petition asked for by way of injunction, and whether or not the movant could have or could not have enjoined the defendant, under the circumstances of the case, from using said public alley for the purpose of loading and unloading customers, is a question which need not here be determined, since it is sufficient to say that in arriving at an understanding in accordance with the consent decree, and in thus representing his absent client, a resident of a distant State, counsel committed no act of constructive fraud, which, while involving no moral guilt as does actual fraud, does nevertheless imply a breach of "legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience." Code, § 37-702. Whether or not the terms arrived at were wholly and completely advantageous to the client, is not the vital question. The attorney did in fact represent the movant, and he appears to have accomplished the expressed purpose of the former suit. The correspondence does not indicate that the hands of the then acting attorney were completely tied in effectuating such purpose, and no fraud actual or constructive is apparent.

*Judgment affirmed. Duckworth, Presiding Justice, Atkinson, Wyatt, Head, and Candler, Justices, and Judge Graham concur.*