19946. LEWIS *v.* LEWIS *et al.*

HAWKINS, Justice. The plaintiff here seeks by an equitable proceeding to set aside a decree for alimony rendered nearly three years previously, which awarded to his minor children for their support a vested remainder in and fee-simple title to undivided interests in real estate, it being contended by the plaintiff that such an award is void because the court was without jurisdiction to make an award of real estate for the support of minor children. To the judgment sustaining the general demurrer and dismissing the petition the plaintiff excepts. *Held*:

1. The decree here sought to be set aside was entered in the superior court in a divorce and alimony proceeding wherein the court had jurisdiction of the parties and the subject matter, and even if erroneous (which question we need not decide because of the rulings hereinafter made), it is not void, for in *Crutchfield* v. *State of Georgia,* 24 *Ga.* 335, it is held: "A judgment, though it may be erroneous, is not *void,* if the court had jurisdiction of the case and the parties."

2. The decree sought to be set aside, copy of which is attached to the plaintiff's petition, contains the statement: "The jury in the above-stated case having rendered a verdict finding a total divorce for the plaintiff, removing the disabilities of the defendant, and awarding alimony to plaintiff and the minor children of plaintiff and defendant, *and the parties hereto having consented, in open court, that the aforesaid verdict be made the judgment of the court";* and then proceeds to make the verdict of the jury the decree of the court. An amendment to the decree was later entered, which recites, "By consent of counsel for both parties in the foregoing cause," then proceeds to amend the decree by striking paragraph 7 therefrom, and entered thereon is the following: "The foregoing order amending judgment is by consent," which is signed by counsel for both the plaintiff and the defendant. In *Driver* v. *Wood,* 114 *Ga.* 296 (40 S. E. 257), it is held: "A decree rendered in accordance with a consent verdict, though it may not be valid as a judgment of the court, will, in the absence of fraud, accident, or mistake, be operative as an agreement binding upon all the parties thereto." In *Adkins* v. *Bryant,* 133 *Ga.* 465 (1) (66 S. E. 21, 134 Am. St. R.

211), it is held: "A verdict and judgment rendered with the consent of counsel is binding upon the client, in the absence of fraud and collusion upon the part of the counsel with whose consent such verdict and judgment is rendered." In *Latimer* v. *Irish-American Bank*, 119 *Ga.* 887, 900 (47 S. E. 322), this court held: "While inadvertent errors in a decree may be corrected, the general rule is that a bill of review will not lie against a consent decree. *Hargraves* v. *Lewis*, 7 *Ga.* [110], 119; *Cunningham* v. *Schley*, 68 *Ga.* 105, 113. The reasons for this rule are pithily stated in law Latin: Consensus tollit errorem—Volenti non fit injuria," maxims meaning "The acquiescence of a party who might take advantage of an error obviates its effect"—"That to which a person assents is not esteemed in law an injury," or "He who consents cannot receive an injury." See also *Murphy* v. *Mayor &c. of Savannah*, 73 *Ga.* 263; *Wilbanks* v. *Wilbanks*, 159 *Ga.* 196 (125 S. E. 202) ; *Don* v. *Don*, 162 *Ga.* 240 (1) (133 S. E. 242) ; *Estes* v. *Estes*, 192 *Ga.* 94, 98 (14 S. E. 2d 681) ; *Midtown Chains Hotel Co.* v. *Merriman*, 204 *Ga.* 71 (48 S. E. 2d 831) ; Yarborough *v.* Yarborough, 290 U. S. 202 (54 Sup. Ct. 181, 78 L. ed. 269, 90 A.L.R. 924) ; 31 Am. Jur. 107, Judgments, §§ 462, 463, 464. There being no allegation that the consent decree or the consent amendment thereto were procured by fraud, accident, mistake, or collusion of counsel, the trial judge did not err in sustaining the general demurrer and dismissing the petition.

3. The rulings made above being controlling, other questions raised will not be passed upon.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 14, 1958—DECIDED FEBRUARY 7, 1958—
REHEARING DENIED MARCH 7, 1958.

*Samuel L. Eplan, Milton Hirsch,* for plaintiff in error.
*Swift, Pease, Davidson & Chapman, Foley, Chappell, Kelly & Champion, Lee H. Henkle, Jr.,* contra.