## 24379. CRANFORD v. CRANFORD.

ARGUED NOVEMBER 14, 1967—DECIDED NOVEMBER 28, 1967.

*W. T. Mobley,* for appellant.

*McGahee & Plunkett, Paul K. Plunkett,* for appellee.

MOBLEY, Justice. In an action for divorce by Helen Timmerman Cranford against Peter G. Cranford the jury awarded a divorce to the wife, alimony of $200 per month, and $200 per month for the support of each of the four minor children, whose ages are 5, 8, 16, and 18. The husband appealed from the order making this verdict the judgment of the court, and from the denial of his motion for new trial.

■ Paragraph 9 of the husband's answer alleged: "That said rental property and the home place on Milledge Road was deeded to the plaintiff for the purpose of establishing an estate for the benefit of both parties hereto to provide retirement income. That said plaintiff is holding one-half of said property as a de facto trustee for this defendant." The wife's demurrer to this paragraph was sustained, and error is assigned on this ruling. Error is also assigned on the exclusion of testimony of the husband as to the purpose of the parties in placing real estate in the wife's name.

Counsel representing the husband on appeal urges that the allegations of Paragraph 9 were germane to the divorce action, and that the testimony in support of it should have been allowed. The order sustaining the demurrer to these allegations recites that it was entered "by consent of counsel for the plaintiff and the defendant." On the argument of the case in this court counsel for the husband admitted that the order on demurrer was entered with the consent of counsel who represented the husband in the trial court.

An order entered with the consent of counsel is binding on the client in the absence of fraud, accident, mistake, or collusion of counsel. *Williams v. Simmons,* 79 Ga. 649 (1) (7 SE 133); *Adkins v. Bryant,* 133 Ga. 465 (66 SE 21, 134 ASR 211); *Pike v. Andrews,* 210 Ga. 553 (81 SE2d 817); *Lewis v. Lewis,* 213 Ga. 856 (2) (102 SE2d 559). On appeal the husband can not assert error on an order sustaining demurrers to which he consented through his counsel; and it was not erroneous to exclude evidence in support of the allegations to which these demurrers had been sustained.

■ The enumerations of error assert that the verdict, and the judgment entered thereon, was contrary to the evidence, without evidence to support it, decidedly and strongly against the weight of evidence, and contrary to law and the principles of justice and equity; that the allowance of alimony to the wife was contrary to the evidence and law, and was excessive; and that the amount of child support was excessive. There is no contention that the evidence was not sufficient to authorize a verdict of divorce to the wife; all of the arguments on these assignments of error are directed at the award of alimony and child support.

The husband is a psychologist and his income is mainly from his practice. The joint income tax returns of the parties showed a net income, after the deduction of business expenses, of $3,853.69 for 1961, $10,738.68 for 1962, $8,738.02 for 1963, and $8,643.68 for 1964. The separate return of the husband for 1965 showed a gross income of $16,445.01 and a net income after the deduction of business expenses of $9,931.74. He testified that his income for the four months preceding the trial was

$6,641, with business expenses of $2,958; and that his personal expenses are $546.50 per month. He testified that he normally works about twelve hours a day, five and one-half days a week, that he spends from thirty to forty-five minutes, and sometimes an hour, with each patient, and that his average charge is $15 for each patient. The wife testified that her husband's income averages $3,000 per month. On cross examination she testified that she kept her husband's books until some time about two years prior to the trial, and that she did not know how much he had made since that time. The title to the home is in the wife. She owns a substantial amount of rental property, which is mortgaged, and the evidence showed that the expenses of this property exceeded the income from it. The husband owns real property of less value than that owned by the wife. He contends that he owns a one-half undivided interest in the home and the rental property held by the wife. See Division 1 of this opinion.

While the jury is allowed a wide latitude in determining the amount to be awarded as permanent alimony (*Holmes v. Holmes*, 222 Ga. 115 (149 SE2d 84)), under the evidence in the present case the award of $1,000 a month for the wife and minor children was excessive. We therefore remand the case for another trial on the question of the amount of alimony and child support.

*Judgment affirmed in part; reversed in part. All the Justices concur.*