## 25231. BUGDEN v. BUGDEN.

UNDERCOFLER, Justice. Mary Jean C. Bugden filed an action in the Superior Court of Coweta County, Georgia, against her former husband Cyril Maxwell Bugden seeking to in-

crease the permanent alimony awarded to her and two minor children because of a substantial change in the income and financial status of the defendant. The defendant's motion to dismiss the action was overruled on all grounds. The jury returned a verdict which did not increase the wife's alimony. However, it increased the amount of child support from $37.50 per month for each child to $150 per month for each child. The verdict was made the judgment of the court and $200 was awarded to the plaintiff for attorney fees. The defendant appeals contending that his motion to dismiss should have been granted by the trial judge and that the award of fees to the wife's attorney is illegal. This case has been before this court previously on a question of jurisdiction. *Bugden v. Bugden*, 224 Ga. 517 (162 SE2d 719). *Held:*

1. The motion to dismiss attacks Sections 1, 2, 3 and 4 of Ga. L. 1955, pp. 630-632; 1964, pp. 713, 714 (*Code Ann.* §§ 30-220, 30-221, 30-222, 30-223) on the grounds that they are individually and collectively unconstitutional because they violate the due process and equal protection clauses of the State and Federal Constitutions (*Code Ann.* §§ 2-102, 2-103, 1-805, 1-815). The defendant contends that the alimony judgment was based on a contract of the parties which was ratified by them without provision for subsequent modification; that the plaintiff by accepting the benefits under the contract cannot seek to repudiate it because this would unreasonably interfere with the right to contract; and that a change in the termination date of payments on behalf of the children will alter the terms of the contract.

In *Kendrick v. Kendrick*, 218 Ga. 284 (127 SE2d 379), it was held that on an application to revise and modify an alimony judgment, the merits of whether the wife or children were entitled to alimony and support were not in issue. The only issue in such an application is "whether there has been such a substantial change in the income and financial status of the husband as to warrant either a downward or upward revision and modification of the permanent alimony judgment . . . the jury . . . had no legal authority to find a verdict upon which a valid judgment could be entered which revised and modified the original child support judgment in any respect except as to the amount it required the defendant to pay the plaintiff each month." See also *Gallant v. Gallant*, 223 Ga. 397 (3) (156 SE2d 61).

This court in *Nelson v. Roberts*, 216 Ga. 741 (2) (119 SE2d 545) held that the 1955 Act did not offend the provisions of the State and Federal Constitutions (*Code Ann.* §§ 2-302, 1-134) which provide that no law impairing the obligation of contracts shall be enacted. Therefore, the contentions of the defendant that he has been denied due process and equal protection of the law is not meritorious.

2. The defendant also contends that Sections 1, 2, 3 and 4 of Ga. L. 1955, pp. 630-632; 1964, pp. 713, 714 (*Code Ann.* §§ 30-220, 30-221, 30-222, 30-223) are individually and collectively unconstitutional in violation of the due process and equal protection clauses of the State and Federal Constitutions (*Code Ann.* §§ 2-102, 2-103, 1-805, 1-815) because the Act refers to the parties as "husband or wife," and after a divorce has been granted, the parties do not occupy that status.

The amended Act of 1955 (Ga. L. 1955, pp. 630, 631; 1964, pp. 713, 714) provides: "The *judgment* of a court providing permanent alimony for the support of a wife or child or children, or both, shall be subject to revision upon petition filed by either the husband or the wife. . ." (Emphasis supplied.) *Code Ann.* § 30-220.

The legislature intended that the "husband or wife" mentioned in the Act would be the "husband or wife" who were parties to the permanent alimony judgment. The former wife occupied that status of "wife" when the *judgment* for permanent alimony was entered. The defendant's contention that he is denied due process and equal protection of the laws under the amended Act of 1955, since the plaintiff does not sue as his "wife," is without merit. See in this connection, *McClinton v. McClinton*, 217 Ga. 283, 287 (122 SE2d 112).

3. The defendant further contends that Sections 1, 2, 3 and 4 of Ga. L. 1955, pp. 630-632; 1964, pp. 713, 714 (*Code Ann.* §§ 30-220, 30-221, 30-222, 30-223) are individually and collectively unconstitutional in violation of the equal protection clauses of the State and Federal Constitutions (*Code Ann.* §§ 2-102, 1-815) because they do not allow a *male to file an application for a modification of alimony by which he would receive payment from the female* and fails *to give him the rights to make the female pay reasonable expenses of litigation where she files for an increase in her permanent alimony.*

"Alimony is an allowance out of the husband's estate, made for

the support of the wife when living separate from him." *Code* § 30-201. There are no provisions under the law of Georgia for an allowance out of the wife's estate for the support of the husband. It is not a denial of the equal protection clauses of the State and Federal Constitutions to refuse to allow the husband to modify an alimony judgment claiming such right or to deny him attorney fees when the wife files for an increase in permanent alimony. The moral, social, economic and physical differences which distinguish the sexes and divide them into natural classes justify differences in the legislative treatment of them. See 24 AmJur2d 195, § 21.

4. The defendant contends that the attorney's fee allowed the wife is illegal. "The law of our State does not authorize a trial judge to require a former husband to pay the expenses of litigation of his former wife when she brings an application for modification of a judgment for permanent alimony on behalf of their minor children." *Nelson v. Roberts*, 217 Ga. 613 (124 SE2d 85).

The award of $200 attorney's fees was illegal. It is directed that this award be stricken from the judgment.

5. The other contentions of the defendant in his motion to dismiss are without merit.

*Judgment affirmed with direction. All the Justices concur.*

Submitted June 11, 1969—Decided July 10, 1969.

*J. E. Wilson*, for appellant.

*Archer, Patrick, Sidener & Thomason, James H. Archer, Jr.*, for appellee.