## 28758. DILL v. DILL.

UNDERCOFLER, Justice.

Wanlyn M. Dill filed a complaint against her former husband Robert Lowell Dill under the Uniform Reciprocal Enforcement of Support Act in the State of Idaho.

The defendant filed a motion seeking to declare a portion of the Uniform Reciprocal Enforcement of Support Act unconstitutional (Ga. L. 1958, p. 34; Code Ann. § 99-903a (6a, b). The motion was overruled by the trial court and the question certified for immediate review by this court. *Held:*

Code Ann. § 99-903a (6) provides: " 'Duty of support' includes any duty of support imposed or imposable by law, or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial (legal) separation, separate maintenance or otherwise, and without limitation specifically included for the purpose of this Chapter, the following:

"(a) A husband in one State is hereby declared to be liable for the support . . . of any child or children under 18 years of age and residing or found in the same State or in another State having substantially similar or reciprocal laws, and, if possessed of sufficient means or

able to earn such means, may be required to pay for this support a fair and reasonable sum according to his means, as may be determined by the court having jurisdiction of the defendant in a proceeding instituted under this Chapter. Notwithstanding the fact that either spouse has obtained in any State or county a final decree of divorce or separation from the other spouse . . . the obligor herein shall be deemed legally liable for the support under this Chapter of any dependent child of such marriage, whether or not there has been award of alimony or support for said child or children.

"(b) A mother in one State is hereby declared to be liable for the support of her child or children under 18 years of age residing or found in the same State or in another State having substantially similar or reciprocal laws, whenever the father of such child or children is dead, or cannot be found, or is incapable of support of such child or children, and if she is possessed of sufficient means or able to earn such means, she may be required to pay for the support of such child or children a fair and reasonable sum according to her means, as may be determined by the court having jurisdiction of the respondent in a proceeding instituted under this Chapter."

The appellant contends that Code Ann. § 99-903a (6a, b) violates the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution by treating male parents differently from female parents in that 6a provides that the former husband is responsible for the support of the child whereas (b) provides that the mother is only responsible for the support of the child whenever the father of such child or children is dead, or cannot be found, or is incapable of support of such child. He contends that these provisions discriminate because of sex against persons who are parents of children.

In *Bugden v. Bugden,* 225 Ga. 413 (3) (169 SE2d 337), cert. den. 396 U. S. 1005 (90 SC 558, 24 LE2d 497), this court said that Ga. L. 1955, pp. 630-632; 1964, pp. 713, 714 (Code Ann. §§ 30-220, 30-221, 30-222, 30-223) were not individually nor collectively unconstitutional in violation of the equal protection clauses of the State and Federal

Constitutions (Code Ann. §§ 2-102, 1-815) because they did not allow a male to file an application for modification of alimony by which he would receive payment from the female and failed to give him the right to make the female pay reasonable expenses of litigation where she filed for an increase in her permanent alimony. In that case, this court relied on 24 AmJur2d 195, § 21, and stated: "The moral, social, economic and physical differences which distinguish the sexes and divide them into natural classes justify differences in the legislative treatment of them." The different treatment of male and female parents here has a fair and substantial relation to the object of the legislation. Kahn v. Shevin, U. S., (94 SC 1734, 40 LE2d 189).

We therefore hold that Code Ann. § 99-903a (6a, b) does not violate the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 9, 1974 — DECIDED MAY 7, 1974.

*Cobb, Cobb, Penland & Bridges, Chandler Raymond Bridges,* for appellant.

*Edward H. Kellogg, Jr., Leonard W. Rhodes,* for appellee.