## 28782. MURPHY v. MURPHY.

INGRAM, Justice.

This case is before the court on appeal from the order entered by the Superior Court of Fulton County on December 26, 1973, and the corrected order of the Superior Court of Fulton County entered January 25, 1974, holding "the alimony statutes of the State of Georgia as contained in Title 30, Sections 201 (Code of 1933); 202 (Code of Ga. of 1933); 202.1 (Ga. L. 1967, p. 591); 203 (Code of Ga. of 1933); 204 (Code of 1933); 206 (Code of Ga. of 1933, Acts 1870, p. 413); 209 (Acts 1806, Cobb, 224, 225; Acts 1866, pp. 146, 147; Acts 1966, p. 160); 212 (Code of 1933), Ga. Code Ann., as amended, are unconstitutional because they violate the constitutional provisions of the Fifth and Fourteenth Amendments of the United States Constitution and Art. I, Par. III, and Art. I, Par. XXV of the Constitution of the State of Georgia."

The appellee-husband's brief acknowledges that in the case of *Bugden v. Bugden,* 225 Ga. 413 (3) (169 SE2d 337, cert. den. 396 U. S. 1005, 24 LE2d 497), this court "found the Georgia alimony statutes therein under attack to be constitutional," but argues that subsequent to *Bugden,* the United States Supreme Court decided the cases of Reed v. Reed, 404 U. S. 71 (92 SC 251, 30 LE2d 225) (1971), and Frontiero v. Richardson, 411 U. S. 677 (93 SC 1764, 36 LE2d 583) (1972), which require *Bugden* to be overruled by this court. We do not agree. In Kahn v. Shevin,—— U. S. —— (94 SC 1734, 40 LE2d 189) (1974), the United States Supreme Court approved the constitutionality of a Florida statute which grants

widows an annual property tax exemption of $500 but offers no analogous benefit for widowers. This case had not been decided at the time briefs were filed in the present case before this court, but we believe the ratio decidendi of Kahn is dispositive of the issues presented here. See also *Dill v. Dill*, 232 Ga. 231; and Husband M. v. Wife M., decided by the Supreme Court of Delaware, April 18, 1974, 42 L. W. 2550.

The United States Supreme Court determined the Florida statute involved in the Kahn case, providing different treatment of widows and widowers "'rest[s] upon some ground of difference having a fair and substantial relation to the object of the legislation.' Reed v. Reed, 404 U. S. 71, 76 [92 SC 251, 30 LE2d 225], quoting Royster Guano Co. v. Virginia, 253 U. S. 412, 415 [40 SC 560, 64 LE 989]." Id., p. 4, slip opinion. The court there went on to say: "This is not a case like Frontiero v. Richardson, 411 U. S. 677 [93 SC 1764, 36 LE2d 583], where the Government denied its female employees both substantive and procedural benefits granted males 'solely for administrative convenience' . . . We deal here with a state tax law reasonably designed to further the state policy of cushioning the financial impact of spousal loss upon the sex for whom that loss imposes a disproportionally heavy burden."

The court also observed in its opinion that the financial difficulties confronting the lone woman exceed those facing the man and this disparity of earnings is likely to be exacerbated for the widow. "While the widower can usually continue in the occupation which preceded his spouse's death, in many cases the widow will find herself suddenly forced into a job market with which she is unfamiliar, and in which, because of her former economic dependency, she will have fewer skills to offer." Id., pp. 3, 4, slip opinion.

These reasons are equally applicable and cogent in the case of a dependent wife involved in the demise of a marriage who is seeking a divorce and alimony or only alimony. It is the dependent wife of a broken marriage for whom the alimony statutes of Georgia were designed to provide financial support. As noted in footnote 10 of the majority opinion of the court in Kahn, " 'We have

returned to the original constitutional proposition that courts do not substitute their social and economic beliefs for the judgment of legislative bodies, who are elected to pass laws.' Ferguson v. Skrupa, 372 U. S. 726, 730."

In reviewing the Georgia statutes drawn into question in this case, we decide only that these statutes are constitutional and any modification or repeal of these alimony laws must necessarily be made by the General Assembly of Georgia and not by the court. The judgment of the trial court will be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 10, 1974 — DECIDED MAY 21, 1974 — REHEARING DENIED JUNE 12, 1974.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Wm. W. Cowan, J. Rodgers Lunsford, III,* for appellant. *John C. Tyler,* for appellee.