### 29684. MULLINAX v. MULLINAX.

PER CURIAM.

In this divorce suit instituted by the wife in June, 1969, the husband appeals, enumerating as error the overruling of his motion for new trial and the refusal to set aside as excessive the alimony award by the jury of $350 a month, two parcels of real property (already in the wife's name) and the personal property in the two houses located thereon.

The wife testified that an adult son who is disabled and unable to work lives with her; that he shares his disability check with her; that a small apartment in the

residence has been occupied by a married child who got behind in paying rent; that the second house is in such run-down condition it cannot be rented until it is painted and repaired; that an automobile is necessary to her employment as a visiting public health nurse; that she earns $872 a month before taxes, $641 per month after taxes, retirement, etc.; that her fixed, recurring living expenses add up to $900 a month; and that she needs a minimum of $1,000 per month on which to live. The alimony of $350 per month when added to her take-home pay of $641 per month amounts to $991.

The husband, an attorney, was extensively questioned about his earnings, his tax returns and his office account books. The husband's income tax returns for the years 1962 through 1972 reported his highest gross earnings at $9,144 for the year 1972, with a net of $4,589 for that year. However, the evidence showed that the tax returns for the years 1961 through 1968 were prepared in late 1969 from receipt books. The receipt books were shown to be in disarray. Those books showed a gross of $8,088 as of the date of trial on November 19, 1973, for that year.

The wife testified, without objection, that the husband made at least $10,000 in 1959, the year he first started practicing law, and that he is capable of making $50,000 a year. She also testified that during the marriage her husband gambled and frequently brought home large sums of money ($5,000 on one such occasion) of which no part was given her. The husband denied these assertions.

1. The trial court charged the jury as to the wife's and the husband's needs and circumstances, and that in arriving at the amount of alimony, if any, "The financial status of the husband, the value of his property, his estate, his income, the resources from which he procures income, the extent of his earning capacity, his training and his ability, are all factors which should be considered if the evidence revealed such to you."

The jury determined that the evidence was sufficient to warrant an award of $350 a month, or $4,200 per year, and the trial court overruled the husband's motion for new trial. The husband points out that his tax returns for the

years 1962 through 1972 showed that 1972 was his best year and that his 1972 return showed an annual net income of only $4,589. The wife contends that the jury was authorized from the evidence to find that the husband was able to earn more than the amount awarded.

Tax returns are evidence; they are not always binding upon the finder of fact. There was some evidence to support the award of the jury. Under the facts of record in this case, we do not find the alimony awarded to be excessive.

2. The ground of the husband's amended motion for new trial relating to the unconstitutionality of Code §§ 30-201, 30-202, Code Ann. §§ 30-202.1, 30-203, 30-204, 30-206, 30-207, 30-209 and 30-212 has not been argued on appeal and is deemed abandoned. *Wade v. Ray,* 234 Ga. 234 (3). However, see *Murphy v. Murphy,* 232 Ga. 352 (206 SE2d 458), cert. den. April 21, 1975.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents.*

SUBMITTED MARCH 11, 1975 — DECIDED MAY 27, 1975 — REHEARING DENIED JUNE 17, 1975.

*Don M. Jones,* for appellant.
*L. Paul Cobb, Jr.,* for appellee.

HILL, Justice, dissenting.

I share the concerns of the majority in this case. Although I agree that the jury was not bound by the evidence relied upon by the husband, I am unable to find evidence to justify the award actually made by the jury (*Cranford v. Cranford,* 223 Ga. 819 (158 SE2d 246)), and I therefore must respectfully dissent.