The husband, by appropriate motion filed with the trial court, challenged the constitutionality of Tit. 34, §§ 31-33, Code of Alabama, Alabama's alimony statutes. The trial court denied the husband's motion.
The sole issue before this court is whether Alabama's alimony statutes are unconstitutional. We find they are not unconstitutional and affirm.
The husband, through able counsel, contends that Alabama's alimony statutes are unconstitutional in that they violate the 14th Amendment to the U.S. Constitution. The husband argues that the appropriate statutes provide for an award of alimony to females without providing for a corresponding award to males and, therefore, males are denied the right to equal protection under the law.
The same issue before this court was argued before the Supreme Court of Georgia in Murphy v. Murphy, 232 Ga. 352,206 S.E.2d 458 (1974), cert. denied, 421 U.S. 929, 95 S.Ct. 1656,44 L.Ed.2d 87 (1975). The Georgia Supreme Court discussed the same cases and rationale raised by the husband on this appeal. After careful study and consideration, we are of the opinion that we cannot improve on the language or reasoning of the Georgia court. We therefore adopt the following language found in the Georgia case as our own:
 "In Kahn v. Shevin, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974), the United States Supreme Court approved the constitutionality of a Florida statute which grants widows an annual property tax exemption of $500 but offers no analogous benefit for widowers. . . . [W]e believe the ratio decidendi of Kahn is dispositive of the issues presented here. See also Dill v. Dill, 231 Ga. 231, 206 S.E.2d 6; and, Husband M. v. Wife M., 321 A.2d 115, decided by the Supreme Court of Delaware, April 18, 1974.
 "The United States Supreme Court determined the Florida statute involved in the Kahn case, providing different treatment of widows and widowers `"rest[s] upon some ground of difference having a fair and substantial relation to the object of the legislation." Reed v. Reed, 404 U.S. 71, 76, 92 S.Ct. 251, 254, 30 L.Ed.2d 225, quoting Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989' Id., p. 1737, of 94 S.Ct. The court there went on to say: `This is not a case like Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583, where the Government denied its female employees both substantive and procedural benefits granted males "solely for administrative convenience" . . . We deal here with a state tax law reasonably designed to further the state policy of cushioning the financial impact of spousal loss upon the sex for whom that loss imposes a disproportionally heavy burden.'
 "The court also observed in its opinion that the financial difficulties confronting the lone woman exceed those facing the man and this disparity of earnings is likely to be exacerbated for the widow. `While the widower can usually continue in the occupation which preceded his spouse's death, in many cases the widow will find herself suddenly forced into a job market with which she is unfamiliar, and in which, because of her former economic dependency, she will have fewer skills to offer.' Id., p. 1737, of 94 S.Ct." (206 S.E.2d at 459).
As the Georgia Supreme Court stated, the reasons noted above are equally applicable in the instance of a wife involved in seeking alimony pursuant to a divorce. It is the wife of a broken marriage who needs financial assistance for whom the alimony statutes of Alabama were designed. Again quoting fromMurphy v. Murphy, supra:
 "As noted in footnote 10 of the majority opinion of the court in Kahn, `"We have returned to the original constitutional proposition that courts do not substitute their social and economic beliefs for the *Page 906 
judgment of legislative bodies, who are elected to pass laws." Ferguson v. Skrupa, 372 U.S. 726, 730, 83 S.Ct. 1028, 1031, 10 L.Ed.2d 93.'" (206 S.E.2d at 459, 460)
In accord is Whitt v. Vauthier, La.App., 316 So.2d 202 (1975).
The trial court is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.