WRIGHT, Presiding Judge.
This is a divorce case. The husband appeals from the trial court’s division of property and award of alimony and attorney fees. We affirm.
The parties were divorced on the ground of incompatibility after a marriage of over fourteen years. They had no children, but the wife helped raise the husband’s three sons from a prior marriage.
When the parties divorced, the husband was fifty-two and the wife forty-six. The husband is a design engineer. He currently has a net income of approximately $2,150 per month. The wife suffers from chronic back problems and hypoglycemia which limit her employment prospects. She has worked at various low grade civil service positions although she is currently unemployed. The wife testified that her husband was her only source of income.
The parties acquired various assets during their marriage. A modest savings account, stock in various corporations, and several pieces of real estate were among their holdings. Their home in Dothan had a purchase price of $45,000 with an equity of almost $11,500.
The trial court heard the evidence ore tenus and issued a decree divorcing the parties and providing for a disposition of their property.
The wife was awarded the home and furnishings with the obligation to continue making mortgage payments. She was given the parties’ stock in Ramada Inn, the Energy Fund, and the Pacific American Insurance Company. She was also awarded a 1976 Pontiac automobile. The husband was given the parties’ real estate in Tuscaloosa and in Hot Springs Village, Arkansas. He also was awarded the joint checking and savings accounts along with his personal effects. Both parties retained the real estate owned by them before the marriage. The husband was ordered to assume certain other debts of the parties and to maintain life and medical insurance with the wife as beneficiary. Finally, the husband was ordered to pay $600 monthly in periodic alimony to the wife and a $1,650 attorney’s fee to the wife’s lawyer.
On appeal the husband raises two primary issues. He contends the trial court abused its discretion in making a division of the marital property. He also contends the alimony statute is violative of the United States Constitution.
The husband in this case, raised the constitutional issue by motion to strike filed on the day of trial, August 30, 1978. The motion was orally argued and denied by the trial court on the basis of Orr v. Orr, 351 So.2d 904 (Ala.Civ.App.1977), cert. quashed, 351 So.2d 906 (Ala.1977), which decision had previously sustained the statute’s constitutionality. The husband on appeal argues that the trial court’s order requiring alimony payments should be reversed in light of the United States Supreme Court holding in Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979) entered since trial of the present action. In that case the court held Alabama’s statutory scheme for awarding alimony to be so gender-based as to unconstitutionally deny equal protection of the law to the husband.
Our response to that issue is sufficiently given in our decision in Orr v. Orr, 374 So.2d 895 (Ala.), entered and published May 30, 1979, after remand from the Supreme Court of the United States. Though the husband had standing to complain of the unconstitutionality of our alimony statutes, he did not claim alimony nor was a need for an award to him shown by any evidence in the case. To the contrary, the evidence showed that the wife had the need of alimony and the husband the means for *900 paying the amount ordered. In view of our extending the statute to apply to the husband equally as to the wife, that issue of unconstitutionality has now been removed.
We would comment that were it necessary to rule, this court would not give the decision of the Supreme Court in Orr retroactive application to this case in any event. Lemon v. Kurtzman, 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940).
We decide the remaining issue of abuse of discretion in the award of alimony and division of property in favor of the presumption of correctness of the judgment of the trial court. Shirley v. Shirley, 350 So.2d 1041 (Ala.Civ.App.1977); Cobb v. Cobb, 352 So.2d 1384 (Ala.Civ.App.1977).
In response to the request of the wife for attorney fees on appeal, we cohsider that the husband has been already sufficiently burdened and that the wife has sufficient estate to pay her own attorney fee on appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.