### 67714. HALL et al. v. VNB MORTGAGE CORPORATION.

CARLEY, Judge.

This is the second appearance of the instant dispossessory action before this court. In *Hall v. VNB Mtg. Corp.*, 167 Ga. App. 219 (306 SE2d 359) (1983), the judgment granting appellee a writ of possession was vacated and the case was remanded to the trial court with direction that findings of fact and conclusions of law be made. After the remittitur of this court was returned to the trial court, appellants, through their attorney, agreed to the entry of a consent order. Under the terms of the consent order, appellants acknowledged that they were tenants at sufferance. Appellants also agreed to a specified amount as reasonable rent for the property and to a schedule for their payment of the accrued rental arrearages. Under the terms of the consent order, appellants' failure to adhere to the schedule for the payment of rental arrearages would "entitle [appellee] to an immediate writ of possession without further notice or hearing." When appellants failed to make the scheduled payments of arrearages as required under the consent order, appellee sought and was granted a writ of possession. Appellants appeal.

"A tenant at sufferance is liable for the reasonable rental value of the premises . . ." *Bible v. Allday*, 93 Ga. App. 231 (2) (91 SE2d 306) (1956). "If the tenant should fail to make any rental payment as it becomes due . . ., the court shall issue a writ of possession of the premises . . ." OCGA § 44-7-54 (b). Appellants make no contention that their status as tenants at sufferance or that the amount of accrued rental arrearages are not established by the consent order. "An order entered with the consent of counsel is binding on the client in the absence of fraud, accident, mistake, or collusion of counsel. [Cits.]" *Cranford v. Cranford*, 223 Ga. 819, 820 (158 SE2d 246) (1967). Appellants likewise do not contest that they failed to pay the accrued rental. It is clear that the instant appeal is from a judgment entered pursuant to a consent order. "In the absence of fraud or mistake, a party cannot complain of a judgment, order, or ruling that his own conduct produced or aided in causing. [Cits.] No fraud or mistake being shown, the appellants cannot complain of the judgment entered by consent and the judgment of the trial court must be affirmed." *Imperial Massage &c. Inc. v. Lee*, 231 Ga. 482 (2) (202 SE2d

426) (1973).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED APRIL 24, 1984 —
REHEARING DENIED MAY 11, 1984.

Joe Hall, Jr., Jeralyne Hall, *pro se.*
*Carol V. Clark*, for appellee.