### 19464. FARMERS MUTUAL CO-OPERATIVE FIRE INSURANCE CO. *v.* KILGORE.

BROYLES, C. J. 1. "Where the constitution of a relief association provides that 'No member shall be entitled to benefits who has not paid dues and assessments in advance,' and that 'any member whose dues remain unpaid for two months shall be dropped from the roll and lose all claim to membership,' neither of these results will ipso facto amount to a forfeiture of the benefits. There must be some judicatory or affirmative action by the association, declaring the member suspended or expelled. . . Where the secretary of the association has simply marked the defaulting member as 'suspended,' this does not amount to affirmative action of the association." *Starnes* v. *Atlanta Police Protective Association,* 2 *Ga. App.* 237 (58 S. E. 481).
(a) "Even if, under the by-laws of a benevolent fraternal association or assessment insurance society, no affirmative action is necessary in order to enforce the forfeiture of a policy of insurance, for non-payment of dues or assessments, as the case may be, the subsequent demand for the payment of such dues or assessments is a waiver of the forfeiture, and an acknowledgment that the delinquent policy-holder is still entitled to the benefits conferred by his contract with the association." *Farmers &c. Association* v. *Elliott,* 4 *Ga. App.* 342 (61 S. E. 493).

2. "A forfeiture occurs, if it results at all, immediately upon a breach of the condition of the contract on which it is based; and, forfeitures not being favored in law, a waiver of the forfeiture, once made, can not be recalled. The demand for payment in full of a future premium subsequently to the breach of a condition which would have entitled the insurer to insist upon a forfeiture of the contract will be held to be a waiver of the forfeiture, and be treated as an acknowledgment that the delinquent policy-holder is still entitled to the benefits conferred by his contract." *Williams* v. *Empire &c. Insurance Co.*, 8 *Ga. App.* 303 (7) (68 S. E. 1082).

3. "Policies of insurance will be liberally construed in favor of the object to be accomplished, and conditions and provisions of every contract of insurance will be strictly construed against the insurer who prepares and proposes the contract. If a policy of insurance is capable of being construed in two ways, that interpretation should be placed upon it which is most favorable to the insured, and, forfeitures not being favored, the court should be ' prompt to seize hold of any circumstance that indicates an election to waive a forfeiture or an agreement to do so.' " *Arnold* v. *Empire Insurance Co.*, 3 *Ga. App.* 685 (60 S. E. 470).

4. Applying the principles of the above-stated rulings to the facts of the instant case, it clearly appears that the forfeiture, if such there were, was waived by the subsequent conduct of the insurer, and that the court properly directed a verdict in favor of the insured.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 9, 1929.

*J. R. Hutcheson*, for plaintiffs in error. *Astor Merritt*, contra.