24866. PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* HICKS.

DECIDED DECEMBER 21, 1935.

*Spalding, MacDougald, Sibley & Brock, Estes Doremus,* for plaintiff in error.

*T. J. Lewis, Mozley & Latimer,* contra.

JENKINS, P. J. A verdict for $2000 was returned in favor of the plaintiff insured on a policy providing for total disability benefits, if the insured became totally and permanently disabled "to

such an extent that he (or she) is rendered wholly, continuously, and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his (or her) lifetime." At the time of the issuance of the policy and the injury on April 10, 1929, which caused the loss of his left eye, the plaintiff was a railroad locomotive fireman and engineer, receiving $225 a month. The unconflicting evidence showed that the loss of one eye had incapacitated him from receiving employment in his former or any similar trade or occupation; that his education was limited, and he knew no other special trade or occupation; that he suffered considerable pain, and his artificial eye caused mucus to accumulate in the eye socket, requiring a removal of that eye at night and sometimes during the day. He was 36 years old at the time of the injury, reared on a farm, which he left at the age of 17; and he had worked as a common laborer for a machine works for about 18 months, and then entered the employment of the railroad company. There, his first work was as a helper in the car shops in 1912, "moving lumber and things like that," and doing anything his head car builder wanted him to do, until he was promoted to his last special occupation in 1920. After the injury, he and a partner bought a filling-station in 1931, a business with which he had no experience or familiarity. There he did the usual manual work required for 17 or 18 months; but earned no profits, losing $350 in his investment. At the time of the trial in 1935, he had been employed as a deputy sheriff and bailiff at intervals for 23 months, from which he earned a total of $349.37. The only other work which the evidence showed he had been offered or could obtain was that of an ordinary laborer for the railroad, working 10 hours a day at 15 cents an hour 6 days a week, from which he might have obtained for some unstated time, under the proved contingencies of depression employment causing frequent lay-offs of such employees, $9 a week, or a total of about $40 a month. He did not accept this employment. There are exceptions to the charge; but the sole question argued under the general and special grounds is whether, under the evidence stated and the clause of the policy quoted, the plaintiff was entitled to recover for a total and permanent disability.

Counsel for plaintiff in error has filed a very learned and strongly argued brief; but, as stated by the court during the course of the oral argument, the only question for determination is whether the case is controlled by the recent ruling in *Prudential Insurance Co.* v. *South,* 179 *Ga.* 653, 658 (177 S. E. 499). In that case, where the language of the policy was the same as in this case, the rule was stated that "the expressions 'any occupation' and 'any work' . . should be construed to mean the ordinary employment of the particular person insured, or such other employment, if any, approximating the same livelihood, as the insured might fairly be expected to follow, in view of his station, circumstances, and physical and mental capabilities. . . If the insured is so incapacitated that substantially all of the material activities of any such employment are reasonably closed to him, he is totally disabled within the meaning of the policy;" and that if the insured "should at any time after his injury so readjust himself to his handicap by education or otherwise, or find himself, from any circumstances, reasonably able to pursue his ordinary work or any work of like productivity, his alleged total and permanent disability would no longer exist, within the meaning of the policy, these terms being relative, and the condition thereby described being subject to change by circumstances." See also *N. Y. Life Ins. Co.* v. *Thompson,* 50 *Ga. App.* 413 (178 S. E. 389). In the *South* case, the insured was a railroad switchman, and had lost one arm. In the *Thompson* case, the insured was a farmer, and lost a leg. In both cases, the insured was shown to have become incapacitated to perform the activities of his former occupation, and the question of total disability was held to be one for the jury. Under the *South* decision, even though as contended by counsel for the insurer, the policy can not be held to be one of income insurance, guaranteeing the insured against depreciation of his income on account of any injury; yet if an insured by his injury is rendered incapable of continuing in his former or a similar occupation, but is able to perform some other work, that work must not only be "an employment having some degree of permanency, though not amounting to an occupation," but must be of "like productivity," "approximating the same livelihood." The insured, under the uncontroverted evidence, having earned in 23 months less than $350, an average of less than $16 a month, and not being shown to

have been capable of earning more than $40 a month, even if the testimony could be taken as authorizing the inference that he could have earned this amount with the continuity and degree of permanency required under the *South* decision, the disparity between these amounts and the $225 a month earned in the former special occupation is so great that it can not be held as a matter of law that the evidence demanded a finding that the plaintiff was not totally disabled, and a consequent verdict in favor of the insurance company. Under the ruling in the *South* case, we think the question was one of fact for the jury. Only the general grounds of the motion for new trial being argued or insisted upon, the court did not err in refusing a new trial.

*Judgment affirmed. Sutton, J., concurs. Stephens, J., disqualified.*