JOHN HANCOCK MUTUAL LIFE INSURANCE CO. *v.* FRAZER.

BELL, Justice. 1. Where a provision in an insurance policy is susceptible of two or more constructions, the court will adopt that construction which is most favorable to the insured. *Massachusetts Benefit Life Association* v. *Robinson*, 104 *Ga.* 256 (2) (30 S. E. 918, 42 L. R. A. 261) ; *Johnson* v. *Mutual Life Insurance Co.*, 154 *Ga.* 653 (115 S. E. 14).
2. A provision in a life-insurance policy that "If the insured shall furnish the company with due proof that while insured under this policy, and before having attained the age of sixty, he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously, and wholly prevented thereby for life from engaging in any occu-

pation or employment for wage or profit, the company will waive further payment of premium as to such insured, and pay" certain monthly instalments according to a table embodied in the policy, is on proper construction to be treated as insurance against loss of earning capacity, and not as a contract of indemnity against loss of income. *Prudential Insurance Co.* v. *South*, 179 *Ga.* 653 (177 S. E. 499, 98 A. L. R. 781); *Prudential Insurance Co.* v. *Hicks*, 52 *Ga. App.* 311 (183 S. E. 102); *Metropolitan Life Insurance Co.* v. *Daniel*, 64 *Ga. App.* 620 (13 S. E. 2d, 741).

3. The evidence authorized a finding that although the insured engaged in certain activities pertaining to his employment after arrival at the age of sixty years, such activities were insubstantial as compared with the ordinary duties of his employment, and that before attaining that age the insured became totally and permanently incapacitated to engage in any occupation or employment for wage or profit, within the meaning of the policy. *Cato* v. *Ætna Life Insurance Co.*, 164 *Ga.* 392 (138 S. E. 787); *Marchant* v. *New York Life Insurance Co.*, 42 *Ga. App.* 11 (155 S. E. 221); *Prudential Insurance Co.* v. *Baker*, 49 *Ga. App.* 505 (176 S. E. 134); *Metropolitan Life Insurance Co.* v. *Manufacturers National Bank*, 54 *Ga. App.* 771 (189 S. E. 83).

4. In such case a recovery for total and permanent disability would be authorized, notwithstanding the insured's employer, a corporation, continued to pay him a monthly sum equal to his former salary, where it appeared that he owned more than ninety-eight per cent. of the capital stock of such corporation, and under the evidence as a whole the jury were authorized to find that such payments by the employer, though made nominally as salary, were intended as a gratuity, or were based upon some theory pertaining to such stock ownership, and were not in fact for services rendered. As was held by the Court of Appeals in the instant case, "the question for final determination is, not whether the employee was kept on the pay-roll after the injury or sickness, but whether he was totally disabled within the meaning of the policy." *John Hancock Mutual Life Insurance Co.* v. *Frazer*, 66 *Ga. App.* 397, 403 (17 S. E. 2d, 882). Compare *Metropolitan Life Insurance Co.* v. *Johnson*, (194 *Ga.* 138 (20 S. E. 2d, 761).

5. Under the foregoing rulings, the decision and judgment of the Court of Appeals, cited above, were not erroneous as contended in the petition for certiorari. The facts are sufficiently stated in that decision.

*Judgment affirmed. All the Justices concur.*

No. 14075. JUNE 19, 1942.

*Smith, Smith & Bloodworth,* for plaintiff in error.

*Hirsch, Smith, Kilpatrick, Clay & Cody,* and *Julian E. Gortatowsky,* contra.