37758.   NALLEY DISCOUNT COMPANY *v.* QUEEN INSURANCE COMPANY OF AMERICA.

DECIDED SEPTEMBER 17, 1959—REHEARING DENIED NOVEMBER 5, 1959 AND NOVEMBER 30, 1959.

*Robert J. Reed,* for plaintiff in error.

*R. Wilson Smith, Jr.,* contra.

GARDNER, Presiding Judge. Code § 81-304 provides: "A demurrer denies the right to the relief sought, in whole or in part, admitting all properly pleaded allegations in the petition to be true, and is founded either upon the want of jurisdiction in the court, or of right in the petitioner, or upon the nonjoinder or misjoinder of parties or causes of action, or the absence of liability by the defendant to the petitioner. Special defects or omissions in the petition may always be taken advantage of by demurrer; and unless cured by amendment the petition shall be dismissed." A misjoinder or nonjoinder of parties plaintiff or defendant is ground for special demurrer. However, failure to name a necessary or indispensable party leaves the court without jurisdiction. *Sowell* v. *Sowell,* 212 *Ga.* 351 (92 S. E. 2d 524).

The allegations of said petition, if true, (and the case is in this court on demurrer), would show the defendant insurance company liable to the plaintiffs for the penalty and reasonable counsel fees as provided for in Code § 56-706.

We have read carefully the decisions cited by counsel for the defendant. After studying these decisions we are still of the opinion that (a) since the Nalley Discount Company was shown as an insured under the policy covering the car which was damaged, the interest of Nalley Discount Company being shown in the policy such as it might appear when and if any damage occurred, Nalley Discount Company, the loss payee, should have been notified of the cancellation of the policy; and (b) since Armstrong had appointed Nalley Discount Company his due and lawful attorney in fact, the notice of cancellation should have been sent to the Nalley Discount Company as well

as to Armstrong. There is nothing in any of the cases cited by counsel for the insurance company to contravene this contention. It follows that the policy was in force on October 10, 1957, when the damage was caused by the accident covered by the policy. The following cases cited by the insurance company are not applicable to the case at bar: *Genone* v. *Citizens Ins. Co. of N. J.*, 207 *Ga.* 83 (60 S. E. 2d 125); *Southern States Fire &c. Ins. Co.* v. *Napier*, 22 *Ga. App.* 361 (96 S. E. 15); *Sheppard* v. *State*, 26 *Ga. App.* 241 (105 S. E. 736); and *Saint Paul Fire &c. Ins. Co.* v. *C.I.T. Corp.*, 55 *Ga. App.* 101 (189 S. E. 390). Counsel for the insurance company has failed to differentiate the cases cited by counsel for the plaintiff sufficiently to prevent those cases from sustaining the position here held, nor do we discern any inapplicability.

The petition as recast was not subject to dismissal on general demurrer, and the court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

ON MOTION FOR REHEARING.

GARDNER, Presiding Judge. As to the question of whether Nalley Discount Company was a proper party plaintiff to bring this action "individually and as attorney in fact for Ralph Armstrong," the insured, we have discussed somewhat in detail in the original opinion our position that the suit was properly instituted in the name of Nalley Discount Company. The policy was issued April 22, 1957. On October 10, 1957, the car was practically destroyed. On October 11, 1957, the insurance company was notified of the loss. Several days later an adjuster *notified Nalley Discount Company* that the car was beyond repair and that salvage bids would be secured on the car. It is elementary that when the insurance company took up negotiations with Nalley Discount Company the insurance company thus approved the power of attorney between Armstrong and Nalley Discount Company and further that the insurance company cannot now repudiate that approval and cannot now claim that such agreement between Armstrong and Nalley Discount Company was of no avail. Such would amount to a legal fraud.

The record shows that there was an attempt made to cancel the policy on September 5, 1957, by mailing a notice to Armstrong that the effective cancellation date would be September 16, 1957. It will be noted that as of September 16, 1957, and as of October 10, 1957, the date the car was demolished, there had been no offer to return the unearned insurance premiums to anyone, nor for that matter has there been to the present time. The policy provides: "If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation." Certainly from the time the alleged notice of cancellation was given to the time the suit was returnable to the trial court, i.e., May 23, 1958, is much longer than a *reasonable* time for the return of the premiums, such elapsed time being approximately eight months. Certainly no one can contend that any tender of earned premiums was offered, "as soon as practicable after cancellation." This court holds, as a matter of law, that the time here involved between the alleged notice of cancellation and the time suit was brought, approximately eight months, does not comply with the policy provision that the unearned premiums be returned "as soon as practicable after cancellation." The conduct of the insurance company in failing to return the unearned premiums as soon "as practicable after cancellation" affirmatively showed that the insurance company waived the notice of cancellation. Therefore, the policy of insurance was not legally cancelled as to Armstrong or as to Nalley Discount Company.

The plaintiff in the instant case is shown on the face of the policy as follows: "Loss Payee. Any loss hereunder is payable as interest may appear to the insured and Nalley Discount Company, Gainesville, Georgia." The record does not show whether the original policy of insurance was in the hands of Armstrong or in the hands of Nalley Discount Company. It is thus evident that *Genone* v. *Citizens Ins. Co. of N. J.*, 207 *Ga.* 83, supra, is not contrary to what we are holding. In that case, as here, the return of the unearned premium is a conse-

quence of cancellation and not a *condition precedent* to cancellation. As stated hereinabove, the instant case shows no attempt to return the unearned premiums at any time.

As to the point regarding the proper party plaintiff, we wish to reiterate that we stand on the original position taken in this case that Nalley Discount Company was a proper party to the suit. The insurance company, by negotiating with Nalley Discount Company recognized that the Nalley Discount Company was a proper party plaintiff. The insurance carrier cannot accept advantages and refuse to accept the disadvantages involved in a policy of insurance, such as here shown.