## 20792. QUEEN INSURANCE COMPANY OF AMERICA v. NALLEY DISCOUNT COMPANY et al.

MOBLEY, Justice. This case is before this court on the grant of certiorari to the Court of Appeals in *Nalley Discount Co.* v. *Queen Ins. Co. of America,* 100 *Ga. App.* 773 (112 S. E. 2d 441), where a full statement of the case is set out. While several questions are presented by the petition for certiorari, the controlling question is whether the collision policy sued upon was in force and effect at the time of a collision in which the car was damaged. We are of the opinion that the policy had been canceled, that the trial court properly sustained the general demurrer to the petition, and that the Court of Appeals erred in reversing that judgment.

Ralph Armstrong purchased the collision insurance policy sued upon from the defendant insurance company. He was the named insured in the policy. Nalley Discount Company, which brought the petition as attorney in fact for Ralph Armstrong, held a mortgage on the car; and the loss-payee clause provided that, in case of loss, payment would be made to the insured, Ralph Armstrong, and to Nalley Discount Company as its interest might appear.

The cancellation clause in the policy provided: "This policy may be canceled by the insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be canceled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the insured or by the company shall be equivalent to mailing.

"If the insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation."

The petition alleged that the insurance company attempted to cancel the policy by mailing a notice of cancellation to Ralph Armstrong at his address as given in the policy on September 5, 1957, effective September 16, 1957, but gave no notice to Nalley Discount Company of its intention to cancel the policy, and that notice was never actually received by Ralph Armstrong. The insured's car was damaged in a collision on October 10, 1957, for which damages this petition seeks recovery. *Held:*

1. "Insurance contracts are governed by the same rules of construction or interpretation, for the purpose of ascertaining the intention of the parties, as apply to other contracts. Code § 56-815; *Golden* v. *National Life & Accident Insurance Co.*, 189 *Ga.* 79 (2), 87 (5 S. E. 2d 198, 125 A. L. R. 838). Where the terms and conditions of an insurance policy are unambiguous, the court must declare the contract as made by the parties. *Penn Mutual Life Insurance Co.* v. *Marshall*, 49 *Ga. App.* 287 (1) (175 S. E. 412). Where the meaning is plain and obvious, it should be treated as literally provided therein. *Daniel* v. *Jefferson Standard Life Insurance Co.*, 52 *Ga. App.* 620 (2) (184 S. E. 366)." *Genone* v. *Citizens Ins. Co. of N. J.*, 207 *Ga.* 83, 86 (1) (60 S. E. 2d 125).

2. In *Genone* v. *Citizens Ins. Co. of N. J.*, 207 *Ga.* 83, 86 (2), supra, where practically the exact cancellation clause as here was under consideration, this court held that the cancellation provision of the policy was clear and unambiguous, and that mailing of notice of cancellation to the insured at the address given in the policy without proof of actual receipt of the notice effected cancellation of the policy. That ruling is controlling on the question here.

3. As to return of unearned premiums upon cancellation of the policy by the company, the policy, as quoted above, provides that premium adjustments may be made at the time cancellation is effected or as soon as practicable thereafter, but that payment or tender of unearned premiums is not a condition of cancellation. The parties having agreed to these provisions, failure of the insurer to return the unearned premiums did not prevent cancellation from becoming effective. *Genone* v. *Citizens Ins. Co. of N. J.*, 207 *Ga.* 83, 91, supra.

4. Under the provisions of the policy, notice of cancellation to Nalley Discount Company or to any other holding a mortgage on the property was not required. The failure of the defend-

ant insurance company to notify Nalley Discount Company did not prevent the cancellation of the policy from becoming effective on the date named in the notice, which was prior to the date when the car was damaged, for which damage recovery is sought.

*Judgment reversed. All the Justices concur, except Quillian, J., not participating.*

ARGUED MARCH 14, 1960—DECIDED APRIL 7, 1960.

*R. Wilson Smith, Jr.,* for plaintiff in error.
*Robert J. Reed,* contra.