42548. GENERAL INSURANCE COMPANY OF AMERICA v. CAMDEN CONSTRUCTION COMPANY et al.

Argued January 10, 1967—Decided February 10, 1967.

*Robinson, Thompson, Buice & Harben, B. Carl Buice,* for appellant.

*Telford, Wayne & Greer, Joe K. Telford, Joseph H. Blackshear,* for appellees.

QUILLIAN, Judge. We recognize the rule that: "Where a provision in an insurance policy is susceptible of two or more constructions, the court will adopt that construction which is most favorable to the insured." *John Hancock Mutual Life Ins. Co. v. Frazer,* 194 Ga. 201 (20 SE2d 915); *North British &c. Ins. Co. v. Mercer,* 211 Ga. 161 (84 SE2d 570). "While it is the general rule that ambiguities in an insurance contract must be construed most favorably to the insured, this rule has no application when the contract is unambiguous." *Hulsey v. Interstate Life &c. Ins. Co.,* 207 Ga. 167 (1) (60 SE2d 353); *Queen Ins. Co. of America v. Nalley Discount Co.,* 215 Ga. 837 (114 SE2d 21).

While the truck driver testified that during the unloading operations the tractor-trailer was under his "exclusive control," this can only be construed as a conclusion of law. Thus, the rule is applicable: "A witness will not be permitted to decide the very question which the jury are to pass upon, but must state the relevant facts, and let the jury draw their own conclusion therefrom." *Georgia R. & Power Co. v. Head,* 155 Ga. 337 (1) (116 SE 620). Such testimony is inadmissible and could not be considered on summary judgment. As held in *Moore v. Atlanta Transit System,* 105 Ga. App. 70, 72 (1) (123 SE2d 693): "The purpose of the Summary Judgments Act of 1959 was to eliminate the necessity for a jury trial where there is no genuine issue as to any material fact in the case. *Scales v. Peevy,* 103 Ga. App. 42, 46 (118 SE2d 193); *Dillard v. Brannan,* 217 Ga. 179. (121 SE2d 768). The 'genuine issue' test is not met unless the evidence offered is competent and admissible."

There being no conflict in the evidence, here we are faced with a purely legal question, that is: do the facts show that the trailer was in the care, custody or control of Camden or that Camden was for any purpose exercising physical control? We hold that they do. In our view the fact that only the truck driver could move the truck from one site to another,

as contended for by Camden, is not decisive. For it also appears that the asphalt belonged to Camden, its employees supervised and accomplished the actual unloading, attaching the hose connections from the heater to the tanker, its employees chose the unloading site and directed any changes or moves from that site. Therefore, during the unloading process, control of the tanker was in Camden and the exclusion clause would apply. See Hardware Mut. Cas. Co. v. Mason-Moore-Tracy, Inc., 194 F2d 173; International Derrick & Equip. Co. v. Buxbaum, 240 F2d 536, 538. See in this connection *Vaughan v. Home Indemnity Co.*, 86 Ga. App. 196 (71 SE2d 111). The trial judge erred in denying General's motion for summary judgment and in granting Camden's motion for summary judgment.

*Judgment reversed. Frankum, P. J., and Deen, J., concur.*