## 25198.   COOPER v. COOPER.

SUBMITTED MAY 13, 1969—DECIDED JULY 15, 1969—
REHEARING DENIED JULY 28, 1969.

*Stokes & Manning, Joseph R. Manning,* for appellant.

*Annette Risse, Edwards, Bentley, Awtrey & Parker,* for appellee.

PER CURIAM.  A former wife appeals from a finding that her former husband is not in contempt of court for failure to pay her alimony.  The proceeding began when Eloise M. Cooper filed in the Superior Court of Cobb County a petition to punish for contempt against Robert Charles Cooper, alleging that he had wilfully failed to pay a named amount required by a divorce and alimony decree of that court.

Both parties submitted evidence by interrogatories, in which they took diverse positions, and the former wife submitted an affidavit in support of her contentions.

As we appraise it, the evidence was conflicting on the material issues, to wit, whether she was self-supporting, and if not, whether his failure to pay the amount required to be paid in that event was wilful.

However, we conclude that the trial judge's finding was authorized by the evidence.

There is no merit in the former wife's contention that the judgment in the former husband's favor is erroneous because it was made pursuant to a motion for summary judgment filed by him and that the conflicts in the evidence did not authorize a summary judgment in his favor.  It does not appear that the former wife was denied the right to submit further evidence, whether by testimony or otherwise.  Thus, while in the form of a summary judgment proceeding, what actually transpired was a hearing on the petition for contempt.  A judgment correct for any reason will not be reversed.  In the situation here it would be an act of futility to send the case back for another

hearing in view of the evidence already presented and the judge's evaluation of it as shown in the judgment.

*Judgment affirmed. All the Justices concur, except Mobley and Grice, JJ., who dissent.*

GRICE, Justice, dissenting. As I appraise it, what transpired here was simply the grant of a motion for summary judgment in the face of genuine issues of material fact, contrary to Georgia Laws 1966, pages 609, 660 (*Code Ann.* § 81A-156(c)).

From its judgment it is apparent that the trial court treated the proceeding as one of summary judgment. The judgment begins with "The defendant's motion for summary judgment in the above matter coming on for hearing . . ." and ends with "It is therefore ordered and adjudged that the defendant is not in contempt of this court, and there being shown no genuine issue as to the material facts as to the defendant's being in contempt of this court, the defendant's motion for summary judgment is hereby granted."

As pointed out by the majority, it does not appear that the former wife was denied the right to submit further evidence. However, it does appear that the motion before the court was one for summary judgment and that she had submitted enough evidence to resist it. She was under no duty to present her full evidence in response to that motion, and we can not now speculate that upon a final hearing on the contempt citation she would have submitted no further evidence.

Since there were genuine issues of material fact, summary judgment should not have been granted.

For the foregoing reasons, I would reverse the judgment.

I am authorized to state that Justice Mobley joins in this dissent.