## 25740. BUGDEN v. BUGDEN.

UNDERCOFLER, Justice. This appeal is from an order of the Fulton County Superior Court holding the appellant in contempt for his wilful failure to make alimony, child support and

other payments under its decree, and in connection therewith, awarding attorney's fees to the appellee. *Held:*

1. Enumerations of error numbered 1 and 4 contend that the trial court erred in denying appellant's motions to dismiss the petition for contempt because the petition was filed in the Fulton County Superior Court whereas it should have been filed in the Coweta County Superior Court. The record shows the original decree providing for the support of appellee and minor children, among other matters, was entered in the Fulton County Superior Court in 1958. In 1969 the child support payments were modified by the Coweta County Superior Court upon petition by the appellee. See *Bugden v. Bugden,* 224 Ga. 517 (162 SE2d 719) ; s. c. 225 Ga. 413 (169 SE2d 337). These enumerations of error are without merit. The contempt order was issued by the Fulton County Superior Court for appellant's failure to comply with its 1958 decree and not for failure to make child support payments under the modification order issued by the Coweta County Superior Court. *Goodrum v. Goodrum,* 202 Ga. 135 (42 SE2d 450). The Coweta County Superior Court modification order increased the child support payments and appellant does not contend that he is entitled to any setoff against the Fulton County Superior Court decree. See *Code* § 37-308.

2. Enumeration of error number 2 contends that the trial court erred in denying appellant's counterclaim against the appellee for overpayments. This enumeration of error is without merit. The evidence was sufficient to support the trial court's finding that the appellant had not paid more than was required by the 1958 decree and was in contempt of its order.

3. Enumeration of error number 3 contends that the trial court erred in awarding the appellee attorney's fees and it is without merit. Ga. L. 1947, p. 292 (*Code Ann.* § 30-219) ; *Hunnicutt v. Sandison,* 223 Ga. 301 (3) (154 SE2d 587).

4. Enumeration of error number 5 contends that the trial court erred in suppressing four interrogatories which the appellant claims would have shown that the appellee's earnings proved that she was self-supporting. This enumeration of error is without merit. The interrogatories were not appropriate and there was no error in suppressing them. These matters were not in issue in this contempt proceeding and the information could not have assisted the appellant. *Cooper v. Cooper,* 225 Ga. 462 (169 SE2d 324) does not require a different con-

clusion. The decree in that case provided that alimony should cease upon the wife becoming self-supporting.

5. Enumeration of error number 6 contends that the trial court erred in overruling his motion for continuance and it is without merit. A review of the record fails to show any abuse of discretion in this matter.

6. The constitutional questions raised by the appellant were decided contrary to his contentions in *Bugden v. Bugden,* 225 Ga 413, supra.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 15, 1970—DECIDED MAY 7, 1970—
REHEARING DENIED MAY 21, 1970.

*J. E. Wilson,* for appellant.

*Archer, Patrick, Sidener & Thomason, James A. Archer, Jr., Arthur K. Bolton, Attorney General,* for appellee.