26522, 26523.   EHLERS et al. v.
GOLDING; and vice versa.

ARGUED MAY 10, 1971—DECIDED JUNE 2, 1971—
REHEARING DENIED JUNE 17, 1971.

*Joseph S. Crespi, C. W. Milam*, for appellants.

*Reuben A. Garland, Jr.*, for appellee.

MOBLEY, Presiding Justice. This appeal is from the denial of summary judgment to the defendants. The cross appeal is from the denial of summary judgment to the plaintiff.

The original complaint was brought by Albert F. Hitt in his

individual capacity, seeking relief on behalf of his mother, Mrs. Pearl Walters Hitt. By amendment Albert F. Hitt, as guardian ad litem for Mrs. Pearl Walters Hitt, was added as a party plaintiff. Later Albert F. Hitt withdrew as a party plaintiff in his individual capacity. Albert F. Hitt is now dead, and Mrs. Carol Golding has been appointed as guardian ad litem for Mrs. Pearl Walters Hitt. Mrs. Golding, as guardian ad litem, is therefore substituted as appellee in this court.

The allegations of the complaint material to the present appeal are: In 1959 there was conveyed to Mrs. Hitt a described parcel of realty on West Paces Ferry Road, N. W., in Atlanta, which presently has a market value of $120,000. About 1961 Mrs. Hitt became incompetent as a result of chronic illness, the infirmities of old age, death in the family, and other emotional disturbances. The defendants, Ehlers and Godwin, wrongfully conspired to defraud Mrs. Hitt, knowing that she was incompetent, by making false representations to her that the only way she could avoid losing her home because of delinquent taxes was to sign a loan deed in their favor. They induced her to sign a deed to secure debt to them in exchange for the sum of $7,000. They had gained her confidence, and they falsely pretended to care for her best interest and caused her to believe that the money was loaned to her by reason of friendship alone. She did not know that she was signing a deed to secure debt or the consequences of failing to pay according to its terms. She did not comprehend that she was obligated to pay certain amounts of money on certain dates as provided by the security deed, or she forgot to do so by reason of her infirmities. She did not make the payments, and the defendants foreclosed on the security deed, bidding the property in for themselves. Thereafter Ehlers, a lawyer, exercising undue influence over Mrs. Hitt, an incompetent, induced her to sign a written acknowledgment of tenancy. Thereafter the defendant caused a dispossessory warrant to issue seeking to evict Mrs. Hitt from the property.

The relief demanded was injunction against the dispossessory warrant proceeding, that the security deed executed by Mrs. Hitt to the defendants and the foreclosure sale thereunder be declared null and void, and that the deed executed by the defendants to themelves as attorneys in fact for Mrs. Hitt, under the power of

sale in the security deed, be declared null and void.

Both parties moved for summary judgment, and the trial judge denied both motions. The judge has certified the questions made by these rulings for immediate review.

■ The defendants have introduced in evidence on their motion for summary judgment numerous documents, including the application by Mrs. Hitt to them for loan, the deed to secure debt from Mrs. Hitt to them, notices to Mrs. Hitt regarding her delinquencies under the deed, notice of the foreclosure of the security deed, the deed made pursuant to the foreclosure, a contract signed by the defendants and Mrs. Hitt agreeing that she would have an opportunity to redeem her property under terms stated therein, a contract of sale in which the defendants agreed to sell the property to Mrs. Hitt and Albert F. Hitt, demands by the defendants to Mrs. Hitt for past due rent, and affidavits of the defendants.

The evidence for the defendants would indicate that Mrs. Hitt had totally failed to comply with the obligations of any of her contracts, and had prevented the defendants, by unwarranted and repeated litigation, from recovering possession of the property which they had acquired at foreclosure sale. However, all of this evidence fails to eliminate the issue in the case of the alleged incompetency of Mrs. Hitt at the time of the transactions. Some evidence was offered by the guardian ad litem of Mrs. Hitt's incompetency during the time of the transactions involved in the litigation.

Ordinarily the question of mental capacity to contract is a question of fact to be determined by a jury. *Jones v. Hogans,* 197 Ga. 404, 410 (29 SE2d 568). Summary judgment cannot be granted to the defendants with the issue remaining in the case of the incompetency of Mrs. Hitt to contract, and the trial judge did not err in denying the motion of the defendants.

■ It is contended by the plaintiff that summary judgment should have been granted to her because the defendants have in no way refuted the contentions of the guardian ad litem that the security deed was executed by Mrs. Hitt to them at a time when she was mentally incompetent, that she remained incompetent thereafter, and that they fraudulently induced her to sign the security deed.

The evidence of the mental incompetency of Mrs. Hitt is by affidavit of Albert Hitt, and is based on his opinion formed from related facts and circumstances. While opinion evidence is sufficient to make a jury issue, such evidence alone does not authorize the grant of summary judgment. *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393). The only fraud supported by evidence was the evidence of the incompetency of Mrs. Hitt. The trial judge therefore properly denied the motion for summary judgment on behalf of the plaintiff.

*Judgments affirmed. All the Justices concur.*