### 47793. SOUTHEASTERN FIDELITY INSURANCE COMPANY v. FLUELLEN et al.

CLARK, Judge. "I'm my own grandpaw" ran the rollicking refrain reciting a litany of the consanguineal complications created by a hill-billy's marriage to a widow when his father entered into a nuptial union with the widow's daughter. This popular ditty of the Twenties comes to mind in seeking to solve the legal

question presented in the instant case: Is a stepson a relative of his stepfather?

Succinctly stated, Southeastern Fidelity Insurance Co. contends there is no coverage to its insured on an automobile collision loss which occurred when the insured vehicle was being driven by his eighteen-year-old stepson visiting in Dodge County from Atlanta. The stepson was not a member of the insured's household but had "borrowed" the insured's car while he was taking a nap, this use being without insured's knowledge or consent. Liability was denied because the collision portion of the policy excluded coverage to any male operator under 25 years of age who was "a relative of the named insured, regardless of residence."

Insurer appeals from an adverse summary judgment, contending the word "relative" to be defined in dictionaries as including affines as well as consanguines, embracing kin, kith, kinsfolk, and kindred. This legal contention is buttressed by reference to the famous charming doggerel by the legendary Logan Bleckley in *Central R. & Bkg. Co. v. Roberts,* 91 Ga. 513, 517 (18 SE 315) which dealt with qualification of a juror whose stepdaughter was married to the plaintiff's brother:

> "The groom and bride each comes within
> The circle of the other's kin;
> But kin and kin are still no more
> Related than they were before."

Although appellant's counsel argues that both rhyme and reason require us to reverse the trial judge, we cannot accept their contention that the word "relative" carries such an all-inclusive generic meaning in every instance. The meaning of words generally depend upon their application, purpose, and intention. "Relative" as used in an inheritance statute carries a different connotation than when used in statutes governing disqualification as a juror (Code

Ann. § 59-716) or judge (Code Ann. § 24-102) or as grounds for divorce (Code Ann. § 30-102).

Thus, as here where the word "relative" is used in an insurance policy, its meaning is to be derived by application of the general rules dealing with contracts. " 'Insurance contracts are governed by the same rules of construction or interpretation, for the purpose of ascertaining the intention of the parties as apply to other contracts. [Cit.]' " *Queen Ins. Co. v. Nalley Discount Co.,* 215 Ga. 837 (1) (114 SE2d 21). Among these rules are that the policy must be "construed strictly in favor of the insured and against the insurer" (*Sovereign Camp, WOW v. Heflin,* 188 Ga. 234, 235 (3 SE2d 559)) and that the intention of the parties "shall be enforced irrespective of all technical or arbitrary rules of construction." Code § 20-702.

Examination of the instant insurance contract shows that in the portion dealing with uninsured motorist protection the policy uses twice the phrase "The named insured . . . his spouse and the *relatives of either."* (Emphasis supplied.) Compare this clause with the collision portion of the policy where the words are only "a relative of the named insured." In the light of the cited rules of construction this comparison leads to the conclusion that the lower court was correct in holding the intent of the parties was to have the policy mean that the insured and his spouse were "relatives" only of their respective blood kin so that each has a separate and distinct set of "relatives." In short, the use of the words "a relative of the named insured" was here intended to apply only to blood relatives of the insured and not "relatives" within the broad generic sense of excluding coverage to relatives of both spouses.

Although the insurer argues that each portion of the tri-partite policy represents a separate insuring agreement, it is necessary for us in determining the intention of the parties to observe the language used within the four corners of the entire contract. "The

contract as a whole must be looked to in arriving at the construction of any part." *Cotton States Mut. Ins. Co. v. Hutto,* 115 Ga. App. 164, 166 (154 SE2d 375). See also *Tudor v. Am. Employers Ins. Co.,* 121 Ga. App. 240 (173 SE2d 403).

2. In the prior division of this opinion we dealt with the meaning of the word "relative" because the trial court's judgment stated, "The sole question in the case is whether or not within the contemplation of the policy a stepson is to be considered as a relative of the named insured under this exclusion." (R. 49). The briefs of both parties argued extensively on this point with citations from other jurisdictions (but none on all fours with the case at bar) on the interpretation of the word "relative."

Examination of the record here presents other reasons for affirmance. "A judgment correct for any reason will not be reversed." *Cooper v. Cooper,* 225 Ga. 462 (169 SE2d 324). Where, as here, the insured automobile is driven as a single isolated instance without the consent or permission, express or implied, of the insured, then the restrictive exclusion as contained in the policy under consideration does not apply. The affidavits of the insured, the insured's spouse, and the insured's aunt show the automobile was being operated at the time of the wreck by a party who had never lived with the insured as he had always lived apart from him and that the car was being driven without his permission or consent. In short, it was an isolated operation and thus comes within the holding of *Buffington v. New Hampshire Fire Ins. Co.,* 104 Ga. App. 139 (121 SE2d 270) where this court held: "The endorsement on an automobile liability insurance policy that 'It is understood and agreed that there are no male drivers under 25 years of age driving this car,' issued in consideration of a substantial reduction in premium,

does not relieve the insurance company of liability as to damages caused by one isolated operation of the automobile by a male under the age of 25 years." The clause of no coverage was intended by the parties to apply to regular usage, not to a single instance as here where the vehicle was used without the insured's consent.

3. Another reason for affirmance arises out of this being an automobile collision policy. Unless the insurer inserts special limitations in its contract, the coverage will extend to all losses caused by accidental collision. The insurer can in its policy effectively exclude coverage while the vehicle is being operated by a person under a certain age. However, this exclusion "would apply only in those instances where the person under that age has permission or authority to use the vehicle." P. E. Ashton Co. v. Joyner, 17 Utah 2d 162, 165 (406 P2d 306). The undisputed evidence in this case is that the automobile was being operated at the time of the collision by a person without the knowledge, permission, or consent of the insured.

*Judgment affirmed. Hall, P. J., concurs in Division 3. Evans, J., concurs specially.*

ARGUED JANUARY 8, 1973 — DECIDED APRIL 24, 1973.

*Jones, Cork, Miller & Benton, Carr G. Dodson, Rufus D. Sams, III,* for appellant.

*Smith & Harrington, Will Ed Smith,* for appellees.

EVANS, Judge, specially concurring. I do not agree with all of the reasoning in the majority opinion. As to its reference to "I'm my own grandpaw," remember the popular ditty of the same era, "Pistol Packin' Mama—Lay that Pistol Down"? Surely, those were the good old days, and many were the glasses that were hoisted while the mellifluous and melodious notes made

the rafters ring. But what relevancy has either to this case?

Ben Fluellen owned an automobile and caused same to be insured with Southeastern Fidelity Insurance Company. Part Three of the policy provided indemnity for damages for collision or upset with a $100 deductible feature therein. The car was wrecked while being driven by the owner's stepson, who was less than 25 years of age, and who did not reside in the owner's household. The damage amounted to $1,750, and after various preliminaries the owner sued for $1,650 (allowing $100 deductible as a credit), plus interest, costs and attorney's fees.

Defendant's principal contention is that the driver was not insured under the policy, as he was a stepson of the owner, and an emancipated minor less than 25 years old; and that endorsement EC-2 of the policy, applicable to Part 1 and 3, provides that insurance is not afforded when the vehicle is driven by a male operator under 25 years of age, who is a relative of the named insured, unless named in Item 7 of the Declaration of the policy. EC-2 of the policy provides that as to an under age operator, unless named in Item 7 of the declaration, insurance is not afforded by the policy when a vehicle is being driven by a male operator under 25 years of age *who is a member of the owner's household,* or is a *relative* of the owner regardless of residence. Item 7 of the policy begins thus: "Complete all questions fully for all known drivers, both residents and non-residents." Ben Fluellen, owner, was the only driver described in Item 7.

The defendant insurer moved for summary judgment, and the above recitals of fact were shown to be true. It was also shown that the stepson had never driven the car before, that he was not a member of the owner's household, and that he took the car while the owner was asleep, without the owner's permission and wrecked it.

1. As to the requirement in Item 7 of the policy that

all "known drivers" be listed, Ben Fluellen, owner, faithfully complied with this requirement by listing himself as the only "known driver." There is not a line in the policy which states or faintly suggests that if some other driver, unknown as a driver by the owner at the time of issuance of the policy, drives and wrecks the car, insurance will not be afforded. The failure to list the stepson as a driver does not nullify the insurance coverage in this case.

2. The insurer maintains that under EC-2 no insurance coverage is provided because the car was being driven by a male operator under 25 years of age. But it is undisputed that the stepson was not a member of the owner's household, and this exclusion is ineffective unless such person under 25 years of age be a member of the owner's household.

3. The insurer maintains that under EC-2 no insurance coverage is provided because the driver was "a relative of the owner." The stepson who was the driver of the car was related by affinity and not by consanguinity; by marriage and not by blood. What is meant by the word "relative"? Under Biblical history, all of mankind is related, being descendants of Adam and Eve. But under Georgia law, the term is narrowed somewhat, and special treatment is given as to the degree of relationship, and as to whether a relative by marriage stands on the same footing as a relative by blood. It is quite significant that under our statutes, each time *in-laws* are included in that term, the statute, with great specificity, uses words to make it plain that they are included. For instance, jurors who are related within a prohibited degree to the party, by *"affinity* or consanguinity" are disqualified. Code Ann. § 24-102 (Ga.L. 1935, p. 396; 1943, p. 322); Code Ann. § 59-716 (Ga. L. 1935, p. 396). (Emphasis supplied.) Persons related within certain degrees by "blood or *marriage"* may not marry each other. Code § 53-102 (2). And marriage by such persons is ground for divorce. Code Ann. § 30-102

(Ga.L. 1946, pp. 90, 91; 1951, pp. 744, 745; 1962, pp. 600, 601; 1963, pp. 288, 289; 1971, p. 361; 1972, pp. 633, 634). Grand jurors related by consanguinity or *affinity* to a party are disqualified to sit in that case. The rules of inheritance, other than as to wife or husband, specify "half-blood or whole-blood," leaving out in-laws. Code § 113-903 (5). In *National Life &c. Ins. Co. v. Parker,* 67 Ga. App. 1, 22 (19 SE2d 409), it was held that a stepchild, as such, does not have an insurable interest in the life of the stepfather. It is clear from the foregoing that, in Georgia, when it is intended for the term "relative" to include both blood relatives and relatives by marriage, specific language must be used, such as "blood or marriage," or "consanguinity or affinity." The term "relative" without modification or description, is a general term. Black's Law Dictionary describes "relative" as "a person connected with another by blood or affinity; *strictly, one allied by blood."* (Emphasis supplied.) Thus, a strict construction of "relative" means a "blood-relative."

How will the word "relative" be construed when used by an insurance company in one of its policies of insurance? The law is well-known that it must be construed *"strictly"* and if left without modification or in an ambiguous fashion such general or ambiguous language must be construed in favor of the insured person and against the insurance company. This is because the insurance company has its choice of words when its experts prepare its policies, whereas the insured person is allowed no part in the choice of words that are placed in the policy, nor is he usually an expert in such matters. As to "strict" construction against the insurance company, see *Farmers Mutual &c. Ins. Co. v. Kilgore,* 39 Ga. App. 528 (3) (147 SE 725); *John Hancock &c. Ins. Co. v. Frazer,* 194 Ga. 201 (20 SE2d 915); *Wolverine Ins. Co. v. Jack Jordan, Inc.,* 213 Ga. 299, 302 (99 SE2d 95). Construing the language "relative" strictly against the insurer, the stepson was not a relative of Ben Fluellen,

the owner, and this provision of the policy is not effective to nullify coverage in this case.

4. Finally, the act of driving the car by the stepson in this case was the first and only time he had ever driven it, so far as the record shows, and was thus an isolated instance. "Isolated instances" are not within the purview of an exclusionary clause in an insurance policy, in cases like the one sub judice. See *Buffington v. New Hampshire Fire Ins. Co.*, 104 Ga. App. 139 (121 SE2d 270).

5. I would affirm the trial court in its findings in favor of the insured person for the foregoing reasons.