### 51988. McDONALD v. ST. FRANCIS HOSPITAL, INC.

PANNELL, Presiding Judge.

This is an action by appellant against the appellee hospital, alleging that appellant, while a patient in the hospital, suffered the loss of two teeth and a dental bridge, and endured physical pain and suffering due to the alleged negligence of defendant's servants, and seeking recovery of damages therefor. No particular act of negligence was alleged. The defendant's motion for summary judgment was sustained and the complainant appealed. *Held:*

1. The evidence shows the injury occurred when complainant, while semiconscious after an operation on his hand, and while being wheeled into the recovery room by employees of the hospital and attended by the

anesthesiologist, coughed and bit down upon a plastic tube, inserted in his throat, and broke his teeth and dislodged a dental bridge. The evidence adduced conclusively showed that the doctors and the anesthesiologist were independent contractors; that the anesthesiologist inserted the tube into the complainant's throat when he was under anesthesia and that the tube was a proper one for such purpose, and the anesthesiologist was with him at the time he bit upon the tube, and that no employee of the hospital had anything to do with the insertion of the tube but an employee or employees of the defendant hospital were wheeling the complainant to the recovery room at the time.

While, as to the tube itself and its condition and its use, and the propriety of its use, this evidence may demand a finding there was no negligence in this regard upon the part of the hospital as, the negligence, if any, was the negligence of the doctors and anesthesiologist who were independent contractors (see *Clary v. Hospital Authority of City of Marietta,* 106 Ga. App. 134 (126 SE2d 470); *Pogue v. Hospital Authority of DeKalb County,* 120 Ga. App. 230 (170 SE2d 53); *Newton County Hospital v. Nickolson,* 132 Ga. App. 164 (207 SE2d 659)), the evidence is almost completely silent as to the act or actions of the employee or employees transporting the complainant from the operating room to the recovery room at the time he "coughed" and bit the plastic tube, thus injuring his teeth and dental bridge.

From the evidence adduced we have no way of knowing whether this employee (or employees) was negligent or not. Did an employee in transporting the complainant negligently jostle or bump the complainant, or negligently hit or touch the plastic tube, which may have caused the complainant to cough or bite on the tube, due to his semiconscious state? Those are unanswered questions, and until they are answered adversely to the plaintiff-respondent the defendant has failed to pierce the allegations of the pleading that the negligence of the defendant's servants caused the injuries.

Upon motion for summary judgment by a defendant, such as the hospital here charged with negligence of its employees and the evidence shows an injury occurs while

the semiconscious person is being transported by an employee of the hospital, the hospital, movant for summary judgment, must show its employees were *not* negligent; or that the injury was accidental, or solely caused by others. This, the evidence fails to do.

It might be argued that the affidavit of the anesthesiologist who was with the complainant at the time may be some evidence on the subject. We quote from that affidavit as follows: "I categorically deny that there was anything whatever wrong or improper about the plastic airway or its use on Mr. McDonald in connection with his operation on August 2, 1973. I categorically deny that Mr. McDonald has any claim or cause of action, or other basis for complaint, against Anesthesia Associates of Columbus, me, Mr. Farley, St. Francis Hospital, Inc., or anyone else, but whatever was done, or not done, was my responsibility and that of Anesthesia Associates of Columbus, not that of St. Francis Hospital, Inc. No hospital employee was involved in any way." The matter hinges upon two statements: that the witness assumed "responsibility" and, "no hospital employee was involved in any way." Does the latter mean that no hospital employee was involved in any way with the selection and use of the plastic tube, or does it mean that no hospital employee was involved in any way with the cause of the injury to the plaintiff? If this statement must be weighed as evidence, this is a matter for the jury. If the latter construction above is the meaning, then the statement is a mere conclusion of the witness, no facts being stated or shown as to why he reached the conclusion that the employee or employees transporting the complainant were not involved. The fact that the employee was so doing contradicts this statement and raised a question of credibility, which is for the jury, not the court. The statement by the anesthesiologist that he assumed full responsibility for that which occurred is a bare conclusion or opinion. See *General Ins. Co. of America v. Camden Const. Co.,* 115 Ga. App. 189, 192 (154 SE2d 26). It is for the jury to decide who is responsible for what occurred, not the witness. See *Williams v. Melton,* 120 Ga. App. 466 (171 SE2d 318); *Harvey v. C. W. Mathews Contracting Co.,* 114 Ga. App. 866 (1) (152 SE2d 809). We, accordingly, hold the

defendant by the evidence adduced failed to pierce the pleadings as to the alleged negligence of its employees by carrying the *burden of proving its employees,* transporting the complainant on the occasion in question, *were not negligent.* See in this connection *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420 (2, 3, 4) (170 SE2d 737); *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2, 3) (173 SE2d 114).

2. Testimony was admitted of complainant and his dentist as to the following: When complainant recovered consciousness he discovered two teeth and a broken bridge in his mouth and asked for his dentist who came to his room. A named supervisor was present and when told what happened, left, came back and stated that a named administrator told her that the hospital would pay for the necessary dental work. The dentist subsequently telephoned the named administrator and was told by her over the phone the same thing, that is, that the hospital would pay for the necessary dental work. The defendant-hospital contends this evidence as to the statements by the supervisor and the administrator was inadmissible testimony on the following grounds: "A. It was hearsay. B. It could not have been part of res gestae. C. There was no evidence that Sister Patricia Garrigan [the administrator], or anyone else for that matter, had the authority to bind St. Francis Hospital. D. None of the statements quoted constituted evidence of negligence on the part of St. Francis Hospital"; and further contends that being inadmissible for those reasons was no proof of an admission of negligence on the part of the defendant hospital. There was no evidence that these statements were not made, and no evidence that they were not authorized by the defendant hospital.

Inasmuch as Division 1, above, of this opinion is controlling on a reversal of the grant of the summary judgment to the defendant hospital, and in view of the fact that the evidence in this area may be more complete as to the alleged admissions and any denials thereof upon the trial of the case, we do not rule upon its admissibility at this time.

*Judgment reversed. Marshall and McMurray, JJ., concur.*

ARGUED APRIL 7, 1976 — DECIDED MAY 17, 1976 —
REHEARING DENIED JUNE 16, 1976 — 

*Moore, Worthington & Degenhardt, Danny L. Dupree, William C. Moore,* for appellant.
*Hatcher, Stubbs, Land, Hollis & Rothschild, Albert Stubbs,* for-appellee.