## 55442. WOOD v. STATE FARM LIFE INSURANCE COMPANY.
## 55443. ATTAWAY et al. v. STATE FARM LIFE INSURANCE COMPANY et al.

QUILLIAN, Presiding Judge.

Henry F. Langston and his wife, Patricia Langston Attaway, were divorced on November 15, 1973, There were two children of their marriage, Vicki and Kathy Langston. Mr. Langston was insured by State Farm Life Insurance Company. He had reserved the right to change his beneficiary. In the year following his divorce Mr. Langston changed his beneficiary from his wife to his two children. This written request was made on November 21, 1974 and approved by the insurer on November 25, 1974.

On October 10, 1975, Mr. Langston requested the insurer to change his beneficiary to his sister, Minnie Langston Wood. However, on October 13, 1975, he made another written request to change his beneficiary to Terry Lee Jordan. This latter request was approved, recorded by the insurer on October 30, 1975, and mailed to Mr. Langston on December 7, 1975. On December 15, 1975, Mr. Langston made another written request to change his beneficiary to his sister, Minnie Langston Wood. This request was approved February 12, 1975.

Mr. Langston died, by his own hand, on March 7, 1976. His sister, former wife, and both daughters filed for the proceeds of the insurance policy. State Farm brought

this interpleader to determine the policy beneficiary.

Patricia Langston Attaway, individually, and as next friend of her daughters, Vicki and Kathy, allege that Mr. Langston was mentally incompetent to change the beneficiary to his life insurance policy at any time after November 25, 1974—the effective date of the change to his daughters.

The sister, Minnie Langston Wood, alleged that the deceased lived with her and her husband during his separation from his former wife, and thereafter until his death. The deceased suffered a heart attack in 1975, was disabled thereafter, and she cared for him in her home.

The parties stipulated that the only question to be decided was whether Mr. Langston was mentally competent to change the beneficiary of the life insurance policy "after November 25, 1974." A request for special verdict to that effect was signed by all parties. The jury answered in the negative. Minnie Langston Wood brings this appeal. *Held:*

1.  The question to be resolved by the jury centered on the mental competency of the deceased during the critical period "after November 25, 1974" until the final change of beneficiary on December 15, 1975, to his sister.

Each side submitted substantial evidence to support their position. The wife and one daughter told of the deceased's almost continuous drinking of alcohol during sixteen years of marriage. The deceased was in several hospitals for alcoholism, depression, and other mental health problems. The deceased attempted suicide several times. He was admitted to the Milledgeville Central State Hospital for a period of time.

The deceased's brother and sister offered evidence of him being a normal person, drinking some, and occasionally being drunk. He had a heart attack after his divorce and they contend he entered the hospital because of his medical problem.

The deceased's attorney, testified on the day the deceased executed the change of beneficiary to his sister that he was normal. On the other hand, Mrs. Vivian Langston testified that during the last three and one-half years that she saw the deceased "he was getting more mentally disturbed everytime [sic] [she] saw him. . .He

wasn't capable of taking care of his money or his business or anything." She saw the deceased two or three times per week during the ". . .late Spring. . .the summer and early Fall of '75." She last saw the deceased in October of 1975 and was of the opinion "he was mentally incompetent." The deceased first attempted to name his sister as beneficiary on October 10, 1975, and last requested a change of beneficiary to her on December 15, 1975.

Insurance is a contract and we will apply contract law principles to issues involving insurance. *Queen Ins. Co. v. Nalley Discount Co.,* 215 Ga. 837 (1) (114 SE2d 21); *Southeastern Fidelity Ins. Co. v. Fluellen,* 128 Ga. App. 877, 879 (198 SE2d 407); *Nationwide Mut. Ins. Co. v. Ware,* 140 Ga. App. 660, 665 (231 SE2d 556). " 'The degree of mentality necessary for a party to execute a valid contract is that he or she must be possessed of mind and reason equal to a clear and full understanding of the nature and consequence of his or her act in making the contract.' " *Tate v. Potter,* 216 Ga. 750, 752 (119 SE2d 547). "[T]he question of mental capacity to contract is a question of fact to be determined by a jury." *Ehlers v. Golding,* 227 Ga. 742, 744 (182 SE2d 870). The evidence of capacity to contract was in conflict. The jury found for the daughters of the deceased. On appeal, if there is any evidence to support the verdict we are without authority to reverse the judgment. There is ample evidence to support the finding of the jury.

2. The trial court did not err in failing to grant appellant's motions for directed verdict at the close of appellee's evidence and at the close of appellant's evidence. Neither was there error in failing to grant the motions for judgment notwithstanding verdict and for a new trial. The evidence was in conflict, and was sufficient to support the jury finding for appellee. We find no merit in these enumerations.

3. Defendants, Patricia Langston Attaway and her two children, filed a protective cross appeal in the event of an adverse ruling against them. Because of our holding in Divisions 1 and 2, the cross appeal is moot and will be dismissed.

*Judgment affirmed in Case no. 55442; appeal dismissed in Case no. 55443. Webb and Birdsong, JJ.,*

*concur.*

Submitted March 6, 1978 — Decided June 12, 1978.

*Edge & Edge, Eugene F. Edge,* for appellant (Case no. 55442).

*Powell, Goldstein, Frazer & Murphy, Daniel M. Coursey, Jr., Thomas K. McWhorter, Patrick J. Fox,* for appellee (Case no. 55442).

*Thomas K. McWhorter, Patrick J. Fox,* for appellants (Case no. 55443).

*Eugene F. Edge, Daniel M. Coursey, Jr.,* for appellees (Case no. 55443).