## 55910. CONE v. SHAFFER.

DEEN, Presiding Judge.

The appellee veterinarian sued Cone for services rendered in connection with the treatment of his cow. The appellant counterclaimed alleging that the services (removal of a dead calf from the uterus of the cow) were negligently performed and resulted in the death of the cow. Summary judgment was granted to the veterinarian and Cone appealed. *Held:*

The sole issue raised by the cross bill is whether it constituted negligence under the facts of this case to remove the fetus of a dead calf whole from the body of the cow, or whether it should have been "dissected." There is opinion testimony by the appellant and another agriculturist showing personal familiarity with this alleged method and its performance "so that the dead calves could be removed without injury to the cow." The appellee plaintiff offered opinion testimony by another veterinarian in affidavit form to the effect that there is no such recognized procedure as that urged by the appellant.

It thus becomes obvious that this is a veterinary malpractice case which depends upon expert opinion testimony for its resolution. In such a case opinion evidence will not support the grant of a summary judgment and, especially where the affidavits of the parties show conflicting opinions as to the negligence of the medical practice used, the question may not be decided on summary judgment. *Ga. Osteopathic Hospital, Inc. v. Davidson,* 121 Ga. App. 371 (173 SE2d 734) (1970); *Truluck v. Funderburk,* 119 Ga. App. 734 (168 SE2d 657) (1969). "While opinion evidence is sufficient to make a jury issue, such evidence alone does not authorize the grant of summary judgment." *Ehlers v. Golding,* 227 Ga. 742, 745 (182 SE2d 870) (1971).

Here we deal with removal of a dead calf from the uterus of a cow. Were we dealing with the removal of a live or dead child from the uterus of a mother, in view of current widespread interest, one might contend that the courts could take judicial notice of the "dissection" methodology, that is "cutting to pieces" of the child. The three widely used techniques include cutting and

crushing with suction apparatus, curettage scrapes of crushing and cutting, and pickling the baby with salt water injected from a large needle. The extraction methodology as to animals is not highly advertised, subsidized nor generally within the scope of common knowledge as appertains to the extraction methodology used as to humans, the latter accounting for almost 300,000 annual fetus "dissection" deaths in America. What might be authorized practice on humans may be contended as malpractice on animals, but in the case sub judice with expert opinion evidence on both sides of the case, it is a question for the jury to resolve.

The trial court erred in granting the motion for summary judgment of the defendant in the counterclaim.
*Judgment reversed. Smith and Banke, JJ., concur.*

Submitted June 5, 1978 — Decided June 29, 1978.

*Carr & Beck, Claude S. Beck,* for appellant.
*Woodside & Boemanns, R. John Boemanns,* for appellee.